# FILED

Plaintiff's Name **Elbert Thomas Martin**
Inmate No. **T-28520**
Address **California Correctional Institution**
**P.O. Box107, Tehachapi, CA 93581**

NOV 1 9 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

**Elbert Thomas Martin**

(Name of Plaintiff)

vs.

**John Doe#1, Med. Tech. Asst., et. al.,**
**M. Roche, MD**
**R. Cox, MD**
**T. Friederichs, MD**

(Names of all Defendants)

# 1:07 CV 00 1 6 6 1 AWI WMW PC

(Case Number)

COMPLAINT

Civil Rights Act, 42 U.S.C. § 1983

I. **Previous Lawsuits (list all other previous or pending lawsuits on back of this form):**

A.     Have you brought any other lawsuits while a prisoner? Yes ___ No **X**

B.     If your answer to A is yes, how many? _____
       Describe previous or pending lawsuits in the space below.
       (If more than one, use back of paper to continue outlining all lawsuits.)

       1. Parties to this previous lawsuit:

       Plaintiff _____**N/A**_____

       Defendants _____**N/A**_____

       _____

       2. Court (if Federal Court, give name of District; if State Court, give name of County)

       3. Docket Number _____     4. Assigned Judge : _____

       5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

       6. Filing date (approx.) _____     7. Disposition date (approx.) _____

1

**II.**   **Exhaustion of Administrative Remedies**

A.   Is there an inmate appeal or administrative remedy process available at your institution?

   Yes **X** No___

B.   Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

   Yes **X** No___

   If your answer is no, explain why not ___N/A___

C.   Is the process completed?

   Yes **X**        If your answer is yes, briefly explain what happened at each level.
   The plaintiff has filed several "602" grievance concerning
   all issues contained in this civil action which were all
   denied, and/or partially granted.

   No___ **N/A**        If your answer is no, explain why not.

**NOTICE:**   Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process before filing suit, regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002). **Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit.** Booth, 532 U.S. at 734

III. **Defendants**

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant _John Doe #1_ is employed as _Medical Techinican_
_Assistant_ at _Federal Detention Center - Los Angeles, CA_

B. Additional defendants _(see attached sheets) pages, #i,#ii,#iii._

IV. **Statement of Claim**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1. On January 6, 2002 the plaintiff complained and sought medical attention for a pre-existing back injury while incarcerated at the Federal Detention Center - 535 North Alameda Street - Los Angeles, CA..

2. Where on that same day the plaintiff saw the defendant, John Doe #1, Medical Techinician Assistant, whom at the time prescribed the drug "Neurontin" 800 mg., for the plaintiff's pain.

3. And, for the next (6) months until the plaintiff was transferred from said Federal Institution to a California State Prison (High Desert) on June 13, 2002, as the plaintiff had experienced adverse affects from the drug "Neurontin" causing the plaintiff to stay thirsty, increase saliva and blisters in plaintiff's mouth, as plaintiff's motor skills

(see attached sheets) pages, #1 through #9

V. **Relief.**

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

The plaintiff is requesting this Honorable Court to award the plaintiff compensatory damages, punitive damages, attorney fees, and future medical expenses as follows; 1) Compensatory damages in the amount of $50,000.00 dollars from each named defendants. 2) Punitive damages in the amount of $450,000.00 dollars from each named defendants. 3) Attorney fees to be determined by the number of hours the plaintiff has spent in the overall prosecution of this civil action. 4) And, future medical expenses to be determine by this Honorable Court.
- (see attached "Injunction Relief)

I declare under penalty of perjury that the foregoing is true and correct.

Date _11-15-2007_    Signature of Plaintiff _Elbert J. Martin_

(revised 6/01/04)

III. Defendants (continued)

B. M. Roche, MD - medical doctor - High Desert State Prison, P.O. Box 3030, Susanville, CA 96127-3030.

C. R. Cox, MD - medical doctor - High Desert State Prison, P.O. Box 3030, Susanville, CA 96127-3030.

D. T. Friederichs, MD - medical doctor - California Training Facility, Central, P.O. Box 689, Soledad, CA 93960.

E. Cornell Clark, MD - medical doctor, California Training Facility, Central, P.O. Box 689, Soledad, CA 93960.

F. Joseph Chudy, MD - Chief Medical Officer - California Training Facility, Central, P.O. Box 689, Soledad, CA 93960.

G. C. Sinnaco, MD - medical doctor - California Training Facility, Central, P.O. Box 689, Soledad, CA 93960.

H. R.A. Perez - Lieutenant - California Training Facility, Central, P.O. Box 689, Soledad, CA 93960.

I. John Doe #2 - R&R Sergeant - California Training Facility, Central, P.O. Box 689, Soledad, CA 93960.

J. John Doe #3 - Sergeant - California Men's Colony, P.O. Box 8101, San Luis Obispo, CA 93109-8101.

K. John Doe #4 - Correctional Officer - California Men's Colony, P.O. Box 8101, San Luis Obispo, CA 93109-8101.

L. John Doe #5 - Correctional Officer - California Men's Colony, San Luis Obispo, CA 93109-8101.

M. D. Carey - CDA(A) & Chairperson - California Men's Colony, P.O. Box 8101, San Luis Obispo, CA 93109-8101.

N. T. Cook - Facility Captain - California Men's Colony, P.O. Box 8101, San Luis Obispo, CA 93109-8101.

(i)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

1 | **III.** Defendants (continued)

2 | Box 8101, San Luis Obispo, CA 93109-8101.

3 |      BB. Anthony Wild – CEO, Parke-Davis – 201 Tabor Road,

4 | Morris Plains, NJ 07950.

5 |      CC. John, and/or Jane Does #6 through #15 – employees –

6 | 201 Tabor Road, Morris Plains, NJ 07950.

7 | //

8 | //

9 | //

10 | //

(iii)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

1  were impaired with dizziness, decrease in body weight with con-
2  tinuous chills, and joint stiffness.

3      4. Where, after numerous submissions of (CDC) forms 7362
4  complaining to Medical Staff at High Desert State Prison the
5  defendant, Dr. M. Roche ordered on October 5, 2002 a "MRI" of
6  the (Lumbosacral Spine)(see Exhibit-A).

7      5. It should be noted that the plaintiff – when transfer-
8  red from the Federal Institution, the medications, "Neurontin"
9  800 mg. was discontinued for a period of (3) months and (25)
10  days.

11      6. Nevertheless, the plaintiff was not placed back on the
12  "Neurontin" 800 mg. by the defendant, Dr. M. Roche until after
13  the October 5th (MRI) was done at High Desert State Prison, and
14  up to the time that where the plaintiff continued to complain
15  of severe pain to his lower back leaving discomfort to the
16  plaintiff's lower abdomen, and inner part of both the plaintiff
17  thighs.

18      7. Which at that point in time the plaintiff continued on
19  the meds of "Neurontin" for pain for the benefit of a period of
20  (38) months where the adverse side effects worsen to the point
21  the plaintiff's right testicle began swelling impairing the
22  plaintiff's ability to stand, stoop, and walk.

23      8. However, doing the course of the plaintiff's continuous
24  pain, the plaintiff was then seen on April 6, 2005 by the de-
25  fendant, Dr. R. Cox, who examined the plaintiff, and continued
26  the meds "Neurontin", and also placed the plaintiff on the In-
27  stitution's Disability Placement Program (CDC form 1845) stat-

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

(1)

ing; "Mobility Impaired" with no further treatment, and/or physical therapy as well. (see Exhibit-B)

9. On December 21, 2005 the plaintiff was transferred from High Desert State Prison to the California Training Facility (CTF) at Soledad (see Exhibit-C) which during the course of a (9) hours bus ride from High Desert to CTF prison the plaintiff experienced additional discomforts in the lower back area with burning sensations between the plaintiff's thighs (right testicle) causing excruciating pain where the plaintiff's right leg and right foot became numb.

10. And, again after the plaintiff submitted numerous medical forms (CDC 7362) explaining the plaintiff's difficulties walking, standing, and sitting, as (33) days had elapsed before the plaintiff was interviewed and examined on January 23, 2006 by the defendant, Dr. T. Friederichs where said defendant questioned the plaintiff about the "MRI" done at High Desert State Prison in the month of October 2002 where the defendant, Dr. T. Friederichs determined and ordered another "MRI" which was done on March 10, 2006. (see Exhibit-D)

11. It should be noted that the defendant, Dr. T. Friederichs on the January 23th date also prescribed additional medications as follows; Mortim, Tylemol, Parafom Forte, and Neurontin along with a medical pamphlet explaining stretching exercises, also see Exhibit-D.

12. Nonetheless, on May 15, 2006 (see Exhibit-E) the defendant, Dr. Cornell Clark interviewed and examined the plaintiff then performed another "MRI" which findings contradicts

(2)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

1 the prior "MRI" ordered by the defendant, Dr. Friederichs on

2 March 10, 2006 specifically stating; "No spondylolisthesis or

3 fracture."

4     13. Plaintiff for the next (5) months and (27) days con-

5 tinued to take prescribed meds which in fact had to be renewed

6 by a physician every (90) days, and on November 3, 2006 the de-

7 fendant, C. Sinmaco, MD requested surgery - Posterior Lumbar

8 Laminectomy. (see Exhibit-F)

9     14. On November 27, 2006 the plaintiff was escorted to Re-

10 ceiving & Release and placed into a 2'x2' holding cage for ap-

11 proximately 90 minutes on the order of the defendant, Lieuten-

12 ant R.A. Perez (CDC R 114-D) pending an investigation (see Ex-

13 hibit-G) where the plaintiff's symptoms flared to the point of

14 numbness and swelling to the right leg and foot causing excru-

15 ciating pain as the plaintiff complained on numerous occasions

16 to the defendant, R&R Sergeant, John Doe #2 where he was made

17 aware of the plaintiff's medical conditions.

18     15. Although, that same date of November 27th the plain-

19 tiff was adversely transferred to the California Men's Colony

20 at San Luis Obispo's D.D.U. Annex Cell Unit. (see Exhibit-H)

21     16. It should be noted the plaintiff was seen on November

22 27, 2006 at (CMC) by Michael Viggianelli, MD who interviewed and

23 examined the plaintiff (see Exhibit-I)

24     17. On November 28, 2006 the defendant, J. Chudy, MD -

25 Chief Medical Officer at (CTF) Soledad approved plaintiff's

26 surgery that was requested. (see Exhibit-J)

27     18. The plaintiff on November 29, 2006 asked to see a

(3)

1 III. Defendants (continued)

2     O. S. Stack – Chief Psychiatrist – California Men's

3 Colony, P.O. Box 8101, San Luis Obispo, CA 93109-8101.

4     P. G. Brownlee – Lieutenant – California Men's Colony, P.

5 O. Box 8101, San Luis Obispo, CA 93109-8101.

6     Q. M. Mee – Asst. C& PR& Recorder – California Men's

7 Colony, San Luis Obispo, CA 93109-8101.

8     R. Donald A. Ramberg, MD – Medical Board of California,

9 1426 Howe Avenue, Sacramento, CA 95825-3236.

10     S. D. Engler – CC II Specialist – California Men's Colony,

11 P.O. Box 8101, San Luis Obispo, CA 93109-8101.

12     T. M. Vela – CC II Specialist – California Men's Colony,

13 P.O. Box 8101, San Luis Obispo, CA 93109-8101.

14     U. K. Sampson – CC II Counselor – California Correctional

15 Institution, P.O. Box 107, Tehachapi, CA 93581.

16     V. Robert Meyers, MD – medical doctor – California Men's

17 Colony, P.O. Box 8101, San Luis Obispo, CA 93109-8101.

18     W. N. Grannis – Chief Inmate Appeals – P.O. Box 942883,

19 Sacramento, CA 94283-0001.

20     X. D.L. England – Correctional Officer – California Men's

21 Colony, P.O. Box 8101, San Luis Obispo, CA 93109-8101.

22     Y. B. Dieball – Correctional Sergeant – California Men's

23 Colony, P.O. Box 8101, San Luis Obispo, CA 93109-8101.

24     Z. D. Carey – Associate Warden, Program Services – Cali-

25 fornia Men's Colony, P.O. Box 8101, San Luis Obispo, CA 93109-

26 8101.

27     AA. John Marshall – Warden – California Men's Colony, P.O.

(ii)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

QSP 05 90192

Psych - Technician, that evening the plaintiff saw said techni-
cian, who asked the plaintiff; "Do you feel like killing your-
self or others?" The plaintiff responded with; "I don't know
what the hell I'll do", at that point the conversation was
terminated, and that same evening the plaintiff was transferred
from "D.D.U. Annex Cell Unit" to the "Psychiatric Ward" at
(CMC) East.

19. The plaintiff was then placed into a one-man cell
built only for a top bunk (it should be noted Dr.Michael Vig-
gianelli had ordered a lower bunk, see Exhibit-I  where the
plaintiff stayed (72) hours without any clothes-no shoes, socks
Tee-shirt, boxers shorts, nor a mattress to even sleep on only
a steel metal sheet, as the plaintiff developed the following
symptoms; strange feelings, fatigue, anxiety, troubled desire,
confusional state, animosity, and hostility, which all of the
foregoing symptoms arising from the adverse transfer and place-
ment in Administrative Segregation.

20. Nonetheless, after the (72) hours of isolation the
plaintiff appeared before the Institution's "Psych Committee",
whom deemed the plaintiff should be returned to Ad. Seg..

21. The plaintiff was returned to Ad. Seg., but was placed
on (10) days observation where every hour on the hour the plain-
tiff would have to show a Correctional Officer some type of
physical movement.

22. However, within that (10) days period the plaintiff
was moved on (4) separate occasions to different cells.

23. It should be noted, the plaintiff had informed the de-

(4)

1  fendants, Correctional Sergeant, John Doe #3, and Correctional
2  Officers, John Doe #4 and #5 that the plaintiff was a Muslim by
3  faith, and requested "Administrative Segregation Property" (see
4  Exhibit-K) and "Special Religious Diet" (see Exhibit-L) which
5  the plaintiff retains a CDC (SRD) card issued at the Correc-
6  tional Training Facility - Soledad where when the plaintiff
7  mentioned those requests - from that point in time until the
8  plaintiff was released from Ad. Seg., the plaintiff experienced
9  defamatory comments, and discriminatory acts behind the plain-
10 tiff's religion, and special diet - remarks of; When the din-
11 ner meal was served - the plaintiff states; "I have a 'special
12 religious diet' card", the defendant, Correctional Officer,
13 John Doe #4 came with; "Well...that's no good in here...this is
14 Ad. Seg....you'll eat what we give you". The defendant, Correc-
15 tional Officer, John Doe #5 then said; "So...you muslims don't
16 want to eat our food...well, that's to bad...because, the only
17 thing you'll get is what my partner just told you...and if you
18 don't like that...to bad". The plaintiff responded; "Can I see
19 a sergeant?" Approximately, one hour later the defendant, Cor-
20 rectional Officer, John Doe #3 stated; "What's the problem?"
21 The plaintiff responded; "I have a 'special religious diet'
22 card". The defendant, John Doe #3 responded; "I can't do any-
23 thing about it right now...but, I'll look into it". It should
24 be noted the plaintiff never received a reply from the defend-
25 ant, John Doe #3, nor any other Correctional Officer. Acts of;
26 spitting in the plaintiff's dinner meal tray, and when the
27 plaintiff confronted the defendant, Correctional Officer, John

(5)

1  Doe #4 remarked; "Yeah...sure I did".

2      24. The plaintiff's symptoms had progressed, progressed to
3  the extent where the plaintiff entire back was in excruciating
4  pain from sleeping on a sheet of metal for (72) hours, and con-
5  tinuous movement every hour on the hour causing the plaintiff's
6  right testicle to swell twice the normal size inflamed to the
7  touch.

8      25. However, when the plaintiff was adversely transferred
9  on November 27, 2006 from (CTF-Central) the defendants, D.
10 Carey - CDA(A) & Chairperson, T. Cook - Facility Captain, S.
11 Stack - Chief Psychiatrist, G. Brownlee - Lieutenant, and M.
12 Mee - Asst. C & PR & Recorder all the above defendants knew of
13 the plaintiff's involvement in the cell door closure device by
14 a CDC 128 B (see Exhibit-M) dated November 30, 2006 authored by
15 CC II, D.J. Carnazzo which the plaintiff did not appear before
16 the above named defendants until December 7, 2006.

17     26. Where it should be noted that the plaintiff stayed an
18 additional (13) days in Ad. Seg. although (CMC) administrators
19 knew the plaintiff's had no active role in the investigation
20 before the plaintiff was transferred to Sierra Vista Regional
21 Medical Center on December 13, 2006 for the already approved
22 surgery (see Exhibit-N)

23     27. The plaintiff's Chief Complaints when he entered the
24 hospital were a right disc bulge, osteophytes, and swelling of
25 the right testicle. (see Exhibit-O)

26     28. Nevertheless, on the date of admission - December 13,
27 2006 the defendant, Donald A. Ramberg, MD gave a brief summary

(6)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

1  of plaintiff's chief complaints (see Exhibit-P) and also with

2  the plaintiff during a physical examination on October 31, 2006

3  (see Exhibit-Q) had a discussion with the defendant, Dr.

4  Ramberg about the procedure used for said surgery, which was

5  fully explained from the "MRI" done on May 15, 2006 see Ex-

6  hibit-E, Impression: where the defendant, Dr. Ramberg would en-

7  ter the right side of the plaintiff's spinal cord during sur-

8  gery.

9      29. However, that procedure was not followed as discussed

10 above, the procedure used was described in (see Exhibit-R) de-

11 scription of procedure.

12     30. The plaintiff on December 15, 2006 was discharged from

13 Sierra Vista Medical Center, with meds prescribed by the de-

14 fendant, Dr. Ramberg - meds of Gabapentin, Lipitor, and Tylenol

15 which order was faxed to (CMC)(see Exhibit-S).

16     31. It should be noted that the plaintiff was transferred

17 to (CMC - Hospital) and examined upon admission - revealing

18 blisters - type lesions on the plaintiff's tongue, which some

19 of them were opened, and about the size of 2 to 3 mm.. (see Ex-

20 hibit-T) Where examining physician, D.M. Perry, MD commented to

21 the plaintiff during said exmination; "Why...did they operate

22 on you?" the plaintiff responded; "Huh...what do you mean?" D.

23 M. Perry, MD came with; "I would have not operated on you with

24 those lesions...and being asthmatic, with bronchospasm...no I

25 would have waited at least until the lesions healed".

26     32. Nonetheless, it should be noted the defendant, Dr.

27 Ramberg had ordered a (30) day follow-up which never occurred

(7)

1 (see Exhibit-U).

2     33. However, since the plaintiff's return from surgery —

3 plaintiff's pain meds were changed in a manner of days from

4 Gabapentin, to Darvocelt, then Vicodin causing the plaintiff's

5 left leg and left thigh with continuous sharp pains. (see Ex-

6 hibit-V)

7     34. The plaintiff did however file a "602" grievance ad-

8 dressing the above mentioned symptoms which was partially

9 granted (see Exhibit-W) which the plaintiff requested a walking

10 cane, double mattress, and/or a egg crate mattress, as none of

11 these accommodations were met — where only the defendant, K.

12 Sampson — CC II said the plaintiff received said accommodations

13 mis-leading the defendant, Robert Meyers where the plaintiff

14 must stress the fact that the defendant, K. Sampson is employed

15 at the California Correctional Institution — Tehachapi, and not

16 at the California Men's Colony where the defendant, Robert

17 Meyers, is employed where the "602" grievance was filed.

18     35. On January 21, 2007 the plaintiff filed another "602"

19 grievance for the lost of legal paperwork, and legal notes (see

20 Exhibit-X) in reference to a incident which occurred in Ad. Seg.

21 where the plaintiff wrote a "602" grievance concerning defama-

22 tory comments, and discriminatory acts which legal paperwork,

23 and legal notes were a copy of said "602", and Correctional

24 Offices names, times, dates, and places.

25     36. On February 20, 2007 the plaintiff unfortunately was

26 transferred again to the California Correctional Institution,

27 Unit #1 — Tehachapi, California.

(8)

COURT PAPER
STATE OF CALIFORNIA
STO. 113 (REV. 3-95)

OSP 05 90192

37. On March 20, 2007 the plaintiff filed his third and last grievance (see Exhibit-Y) issues of; medications where the plaintiff was taken off of all pain meds, and it should be noted with the filing of Exhibit-Y this exhausted all adminis-trative remedies concerning all foregoing allegations of the plaintiff's civil rights violations in this civil action.

38. It should also be noted that all symptoms mentioned through out the above claim are contributed to the liability of the company, the defendants - Parke-Davis, the defendant, Anthony Wild, CEO, and John, and/or Jane Doe #6 through #15 for the plaintiff sustaining the rare adverse effects of the drug, "Neurontin", and "Gabapentin" effects of; endocrine system - swollen testicle, respiratory system - bronchospasm, urogenital system - testicle pain, and special senses - lesions, taste loss, and unusual taste.

//

//

//

//

//

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

VI. Injunction Relief

The plaintiff is requesting this Honorable Court for an "Injunction Relief", for the following reasons;

1) The plaintiff had received an operation on his lower back on December 13, 2006 which was done improperly where the plaintiff had to complain to medical staff at the California Correctional Institution of excruciating pain he was experiencing from the date of said operation until physician - Yin, MD at (C.C.I.) requested that X-rays be performed which was done on February 23, 2007 at the "Kern Radiology Medical Group, Inc." by Howard E. Leventhal, MD as he determined there was a first degree spondylolisthesis of L5 on S1 with disc space narrowing. The plaintiff was then placed on a regimen of muscle relaxants and pain medications in the form of "Hydrochloro-thiazide" 25 mg. and "Gabapentin" 800 mg. by Dr. Afra at (C.C.I.) where it was further noted that Dr. Afra requested a magnetic resonance imaging (MRI) and a post-surgical request for services to follow-up with a neurosurgeon depending on (MRI) results (which has not be done - as of the date of November 8, 2007) as Dr. Afra also gave his opinion for services to follow-up with an Urologist. (see Exhibit-Z)

2) On July 10, 2007 the plaintiff had a video telephone conference with a neurosurgeon at U.C. Davis Medical Center, whom explained to the plaintiff that he needed another back surgery to correct the first surgery that was performed on December 13, 2006, because the neurosurgeon noted from the plaintiff's X-rays, and (MRI) a steel rod along with fusing 3

(10)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

1  disc would correct the plaintiff's problems.

2  3) The plaintiff now feels since the California Department
3  of Corrections has taken responsibility for the plaintiff's
4  medical needs, and has put forward an effort to correct the
5  plaintiff's medical conditions by contracting to an  outside
6  physician whom professional ethics were way below the normal
7  standards - has left the plaintiff with mix emotions for a
8  second surgical procedure in the  aspect that the surgery
9  needed is of the spinal cord where one small mishap could and
10  would leave the plaintiff paralyze. With this in mind, and the
11  new prognosis confirming the fact of the much needed second
12  surgery. The plaintiff must stop here and convey to this Honor-
13  able Court the fact that the plaintiff is a "Veteran", dis-
14  charged under Honorable conditions with the U.S. Air Force.

15  4) The plaintif is at the mercy of this Honorable Court,
16  and requesting the court to issue an order that would relieve
17  the California Department of Corrections of it's responsibility
18  of the second surgery, because of the incompetent physician the
19  California Department of Corrections hired to do the first
20  surgery leaving the plaintiff with the fears of going through
21  the same if not a more complicated procedure. The plaintiff is
22  asking to place this responsibility with the Department of
23  Veterans Affairs where the plaintiff will get the so much need-
24  ed adequate medical attention that the California Department of
25  Corrections do not have - which same medical care has deterio-
26  ated from severe overcrowded Institutions with a lack of doctors,
27  medical technicians, and nurses. And, most importantly (CDC)

(11)

1  doctors has used medications with serious adverse effects on

2  the plaintiff far to long which has plague the plaintiff with

3  unnecessary symptoms induced with pain.

4

5  I, Elbert Thomas Martin declare under the penalty of perjury

6  under the laws of the United States of America that the fore-

7  going statements, and allegations are true and correct.

8

9  Dated: *11-15-2007*

10                    /S/ *Eelbert J. Martin*                .
                          Elbert Thomas Martin (plaintiff)

11

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21

22

23

24

25

26

27

(12)

EXHIBIT A

JUN-20-2003 08:58    D.C.P. TELEMEDICINE    530 251 5089    ☎011

dict 6/20/03

October 5, 2002

RE:    MARTIN, Elbert
DOB:   05/07/56
CDC:   T-28520
REF.:  Dr. M. Roche
High Desert State Prison

MRI OF THE LUMBOSACRAL SPINE

CLINICAL INDICATION:   No provided.

TECHNIQUE:
Sagittal and axial T1 and T2 weighted images.

FINDINGS:
The conus medullaris ends at the L1 level and appears within normal limits. The paraspinal soft tissues are unremarkable.

The lower thoracic through L4-5 intervertebral discs are of normal height and signal intensity, without evidence of focal disc herniation or protrusion, central canal or foraminal stenosis. Mild bilateral facet arthrosis is present at L4-5.

L5-S1: Moderate loss of disc height and desiccation is present, with moderate posterior osseous ridging, indicating degenerative disc disease. There is moderate circumferential disc bulging, including a posterior disc protrusion, which results in effacement of the epidural fat, with mild mass effect upon the thecal sac. Moderate bilateral facet arthrosis is present, without significant central canal stenosis. Moderate bilateral foraminal stenosis results.

IMPRESSION:
1.    Moderate L5-S1 degenerative disc disease, with circumferential disc bulging, including a broad based posterior disc protrusion, which results in moderate bilateral foraminal stenosis.

MN:bib
T: 10/12/02

Michael Nussdorfer, M.D.

# EXHIBIT B

STATE OF CALIFORNIA
**DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)**
CDC 1845 (Rev. 01/04)

DEPARTMENT OF CORRECTIONS
*CHECK ALL APPLICABLE BOXES*

THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B

| INMATE NAME: | CDC NUMBER: | INSTITUTION: | HOUSING ASSIGNMENT: | DATE FORM INITIATED: |
|---|---|---|---|---|
| MARTIN, F. IBERT | T28520 | HISP | A1-114U | 4-6-05 |

*Sections A - B to be completed by licensed medical staff.*

| SECTION A: REASON FOR INITIATION OF FORM | SECTION B: DISABILITY BEING EVALUATED |
|---|---|
| ☐ Inmate self-identifies to staff  ☐ Third party evaluation request | ☐ Blind/Vision Impaired   ☐ Speech Impaired |
| ☑ Observation by staff  ☐ Medical documentation or Central File information | ☐ Deaf/Hearing Impaired   ☑ Mobility Impaired |

*Sections C - G to be completed by a physician only.*

| SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT | SECTION D: PERMANENT DISABILITIES *NOT* IMPACTING PLACEMENT |
|---|---|
| 1. ☐ FULL-TIME WHEELCHAIR USER - **DPW** Requires wheelchair accessible housing and path of travel. | 1. NO CORRESPONDING CATEGORY |
| 2. ☐ INTERMITTENT WHEELCHAIR USER - **DPO** Requires lower bunk, wheelchair accessible path of travel and *does not require* wheelchair accessible cell. | 2. NO CORRESPONDING CATEGORY |
| 3. ☐ MOBILITY IMPAIRMENT - With or Without Assistive Device (Wheelchairs shall not be prescribed) - **DPM** Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause). Requires lower bunk, no triple bunk, and no stairs in path of travel. | 3. ☐ MOBILITY IMPAIRMENT (Lower Extremities) - **DNM** Walks 100 yards without pause with or without assistive devices.  ☐ No Housing Restrictions  ☐ See HOUSING RESTRICTIONS in Section E  Requires relatively level terrain and no obstructions in path of travel. Do not place at: CCI, CMC-E, CRC, CTF-C, FSP, SCC I or II, SOL, or SQ. (CDC 128-C: _____ ) |
| 4. ☐ DEAF/HEARING IMPAIRMENT - **DPH** Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements. | 4. ☐ HEARING IMPAIRMENT - **DNH** With residual hearing at a functional level with hearing aid(s). |
| 5. ☐ BLIND/VISION IMPAIRMENT - **DPV** Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye (See HOUSING RESTRICTIONS IN SECTION E). | 5. NO CORRESPONDING CATEGORY |
| 6. ☐ SPEECH IMPAIRMENT - **DPS** Does not communicate effectively speaking or in writing. | 6. ☐ SPEECH IMPAIRMENT - **DNS** Does not communicate effectively speaking, but does when writing. |

### SECTION E: ADDITIONAL MEDICAL INFORMATION

**CSR ALERT:**

☐ Requires relatively level terrain and no obstructions in path of travel

☐ Complex medical needs affecting placement   ☐ CDC 128-C _____

**ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:**

☐ Feeding or Eating   ☐ Bathing   ☐ Grooming   ☐ W/C transferring

☐ Toileting   ☐ Other: _____   ☐ CDC 128-C(s) dated: _____

**HOUSING RESTRICTIONS:**   ☐ Lower bunk   ☐ No stairs   ☐ No triple bunk. CDC 128-C(s) dated: _____

**HEALTH CARE APPLIANCE / IDENTIFICATION VEST:**

☐ Cane   ☐ Crutch   ☐ Walker   ☐ Leg/Arm prosthesis   ☐ Vest

☐ Other: _____   ☐ CDC 128-C(s) dated: _____

**OTHER DPP DESIGNATIONS:**

☐ NONE _____

| CODE | DATED | CODE | DATED |

### SECTION F: EXCLUSIONS

☑ VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED: My physical examination or other objective data DOES NOT SUPPORT *claimed* disability. (Explain in Comments Section and CDC 128-C dated _____).

☐ REMOVAL FROM A DPP CODE: Removal from previous DPP code: _____. (Explain in Comments Section and CDC 128-C dated: _____.)

☐ REMOVAL FROM ENTIRE PROGRAM: Removal from DPP code(s): _____. (Explain in Comments Section and CDC 128-C dated: _____.)

### SECTION G: EFFECTIVE COMMUNICATION FACTORS

☐ Uses Sign Language Interpreter (SLI)   ☐ Reads Braille   ☐ Communicates with written notes   ☐ Requires large print or magnifier

☐ Reads lips   ☐ NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD

**PHYSICIAN'S COMMENTS:** *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*

| PHYSICIAN'S NAME (Print) | PHYSICIAN'S SIGNATURE | DATE SIGNED |
|---|---|---|
| R. Cox | R. Cox | 7-9-05 |
| HEALTH CARE MANAGER'S / DESIGNEE'S NAME (Print) | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE | DATE SIGNED |
|  |  | 4/12/05 |

**NOTE:** After review by the Health Care Manager or Chief Physician & Surgeon, health care staff shall retain green copy for the UHR, send the inmate copy via institutional mail and route the original and remaining copies to the C&PR/RC CC-III for tracking and further distribution according to the instructions below.

DISTRIBUTION: Original - Top General Chrono Section of C-File;   Green - Chrono Section, Unit Health Record   Canary: C&PR/CC III;   Pink CC I;   Gold Inmate

# EXHIBIT C

**ROUTING INSTRUCTIONS**
ORIGINAL: Classification Committee
COPY: Inmate

DEPARTMENT OF CORRECTIONS
NOTICE OF CLASSIFICATION HEARING

# XW-114L

| INMATE NAM | MARTIN | NUMBER | T 520 | DATE | 12/21/05 |
|---|---|---|---|---|---|

YOU WILL APPEAR AT THE NEXT AVAILABLE CLASSIFICATION COMMITTEE.     FOR CONSIDERATION OF A MAJOR PROGRAM CHANGE AS FOLLOWS:

☐ TRANSFER                      ☐ INCREASE IN CUSTODY            ☐ ASSIGNMENT TO SECURITY HOUSING

☐ REMOVAL FROM PROGRAM          ☐ OTHER

REASONS:     **Unit Classification Committee**

| STAFF NAME | R. Rodriguez | TITLE | CCI | INSTITUTION | CTF-CENTRAL FACILITY/ |
|---|---|---|---|---|---|

CDC-128-B1 (Automated)

EXHIBIT $D$

STATE OF CALIFORNIA

**HEALTH CARE SERVICES**

DEPARTMENT OF CORRECTIONS

**PHYSICIAN REQUEST FOR SERVICES**

(To be completed by requesting Physician and forwarded to Utilization Management Unit)

C-220U

| PATIENT NAME Martin, Elbert | CDC NUMBER T28520 | INSTITUTION CTF |
|---|---|---|

| DATE OF BIRTH 5-7-56 | EPRD DATE 3/2013 | GENDER M |
|---|---|---|

| PRINCIPLE DIAGNOSIS Lumbar Disc Disease | ICD-9 CODE | CPT CODE(S) |
|---|---|---|

| REQUESTED SERVICE(S) MRI Lumbar Spine | # OF DAYS RECOMMENDED |
|---|---|

*Please circle all that apply:* Diagnostic Procedure/Consultation    Outpatient/Inpatient    Initial/Follow-up

Requested Treatment/Service is:    **EMERGENT**    **URGENT**    (ROUTINE)

*For the purpose of retrospective review,* if emergent or urgent, please justify: _____

Proposed Provider: CTF Mobile Unit    Anticipated Length of Stay: N/A

Expected disposition (i.e.: outpatient follow-up, return to institution, transfer): N/A

Medical Necessity *(briefly describe the clinical situation; the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant):* Back pain since 1992, steadily worsening

Estimated time for service delivery, recovery, rehabilitation and follow-up: 6 mo

Summary of preliminary or diagnostic work up, conservative treatment provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months): Motrin Tylenol Paragon Forte Neurontin MRI (2002) - ? Spinal Stenosis

Comments (diagrams, risk factors, prognosis, alternative management, etc.): _____

| REQUESTING PHYSICIAN PRINTED NAME T. FRIEDERICHS MD | APPROVED / AUTHORIZED / DENIED / DEFERRED BY | DATE |
|---|---|---|
| REQUESTING PHYSICIAN SIGNATURE J. Fried | DATE 1-23-06 | Utilization management tracking #: |

| DATE OF CONSULTATION | PRINTED NAME OF CONSULTANT |
|---|---|

FINDINGS: Found Filed in chart under consultations will schedule

RECOMMENDATIONS: MRI Completed

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED: _____

| CONSULTANT SIGNATURE | DATE 5/15/06 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|---|
| ETA RN SIGNATURE S. Morrow | DATE 5/15/06 | |
| PCP SIGNATURE | DATE | |

**Attach Progress Note page for additional information.**
**THIS FORM MUST BE RETURNED WITH THE PATIENT!!!**

DISTRIBUTION:
ORIGINAL - FILE IN UHR
GREEN - TO UHR PENDING ORIGINAL
CANARY - CONSULTANT
PINK - UM
GOLD - SPECIALTY SCHEDULER

**PHYSICIAN REQUEST FOR SERVICES (RFS)**    CDC 7243 (Rev. 11/02)

**X-RAY REPORT**

## DEPARTMENT OF CORRECTIONS
## CORRECTIONAL TRAINING FACILITY

| NAME: | CDC #: | CELL: | DOB: | DATE: |
|---|---|---|---|---|
| MARTIN, ELBERT | T-28520 | C 220 L | 5/7/56 | 3/10/06 |

**EXAM REQUESTED:**
**LUMBAR SPINE**

**CLINICAL DATA:**
Chronic lbp 1992

**REFERRING PHYSICIAN:**
**T. FRIEDERICHS, M.D.**

**RADIOGRAPHIC REPORT:**

**LUMBAR SPINE:** AP, lateral, both obliques and lateral L5 spot films of the lumbar spine are obtained on 3/10/06.

Grade one L5 spondylolisthesis with markedly diminished L5-S1 disc height endplate sclerosis. Probable Pars Defects of the L5. No other alignment abnormality. Vertebral body height and disc space is otherwise maintained.

**IMPRESSION:**

**L5-S1 ADVANCED SPONDYLOSIS, GRADE ONE L5-S1 SPONDYLOLISTHESIS, PROBABLE PARS DEFECTS.**

| 4/6/06 | R. VILLALOBOS, M.D. | RV/cjw |
|---|---|---|
| DATE READ | RADIOLOGIST | 4/27/06 |

**EXHIBIT** $E$

SALINAS VALLEY RADIOLOGISTS, INC.

A MEDICAL GROUP
559 Abbott Street • Salinas, California 93901
Telephone (831) 775-5200

C - 220

JAMES A. KOWALSKI, M.D.
DONALD A. CATALANO, M.D.
GILES A. DUESDIEKER, M.D.
MICHAEL E. BASSE, M.D.
DAVID A. STAUNTON, M.D.
GARY E. FALKOFF, M.D.
RICHARD A. VILLALOBOS, M.D.

CHRIS GLENN, M.D.
B. MISA HOSOHAMA, M.D.
Y-LAN HO, M.D.
BRUCE LIN, M.D.
ROY MARTINEZ, M.D.
F. SCOTT PERELES, M.D.

| PATIENT NAME | ACCOUNT NO | | RADIOLOGY NUMBER |
|---|---|---|---|
| ELBERT-T28520 MARTIN | 9383375 | | 9383375 |

| AT THE REQUEST OF | DATE OF BIRTH | AGE/SEX | DATE OF SERVICE |
|---|---|---|---|
| CORNELL CLARK MD | 05/07/1956 | 50/M | 05/15/2006 |
| PO BOX 686 | | | |
| SOLEDAD, CA 93960 | | | |

The study was performed by an outside facility and the film submitted to Salinas Valley
Radiologists for interpretation.

MRI LUMBAR SPINE WITHOUT CONTRAST

COMPARISON: There are no prior studies available for comparison.

PROCEDURE: Sagittal T1 and T2 sequences of the lumbar spine were obtained. Oblique axial proton
density and T2 sequences from L3-4 to L5-S1 were obtained in a 1.5T MRI unit.

FINDINGS: No spondylolisthesis or fracture. Moderate-to-severe disk height loss at L5-S1 with a
large circumferential disk bulge with marginal osteophyte. Early disk desiccation is noted at L1-2.
Normal marrow signal. Normal signal and morphology of the conus located at L1. No intrathecal or
paraspinal mass.

L5-S1: Large circumferential disk bulge which touches the anterior thecal sac. The AP diameter of the
thecal sac measures 9 mm in the midline. There is moderate bilateral neural foraminal narrowing and
the disk appears to touch the exiting nerve roots on the right.

L4-5: Normal disk. No stenosis.

L3-4: Normal disk. No stenosis.

IMPRESSION:
1. Large circumferential disk bulge at L5-S1 causing moderate bilateral neural foraminal stenosis
   and appears to be touching the exiting nerve root on the right. There is relative attenuation of
   the thecal sac at this level as well.
2. Normal conus.

Thank you for referring your patient to us,

B. Misa Hosohama

B. Misa Hosohama, MD
BMH/pa

EXHIBIT F

**HEALTH CARE SERVICES**

**PHYSICIAN REQUEST FOR SERVICES**

(To be completed by requesting Physician and forwarded to Utilization Management Unit)

| PATIENT NAME Martin, Elbert | | CDC NUMBER 28520 | | INSTITUTION CTF |
|---|---|---|---|---|
| DATE OF BIRTH 5·7·56 | EPRD DATE 2013 | | GENDER M | |
| PRINCIPLE DIAGNOSIS Lumbar radiculitis | Stenosis 1515 | ICD - 9 CODE 1 | | CPT CODE(S) |
| REQUESTED SERVICE(S) Lumbar laminectomy L5·S1 | | | | # OF DAYS RECOMMENDED |

*Please circle all that apply:* Diagnostic Procedure/Consultation       Outpatient/Inpatient       Initial/Follow-up

Requested Treatment/Service is:    **EMERGENT**       **URGENT**       (**ROUTINE**)

*For the purpose of retrospective review,* if emergent or urgent, please justify: _____

Proposed Provider: Dr Kenberg _____ Anticipated Length of Stay: _____

Expected disposition (i.e.: outpatient follow-up, return to institution, transfer): _____

Medical Necessity *(briefly describe the clinical situation; the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant):*

Requested by provider _____

Estimated time for service delivery, recovery, rehabilitation and follow-up: _____

Summary of preliminary or diagnostic work up, conservative treatment provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months): _____

Comments (diagrams, risk factors, prognosis, alternative management, etc.): _____

| REQUESTING PHYSICIAN PRINTED NAME C. Sinnacio | | APPROVED / AUTHORIZED / DENIED / DEFERRED BY UNC ↗ | DATE 11/3/06 |
|---|---|---|---|
| REQUESTING PHYSICIAN SIGNATURE | DATE 11/3/06 | Utilization management tracking #: | |

DATE OF CONSULTATION _____    PRINTED NAME OF CONSULTANT _____

FINDINGS: _____

RECOMMENDATIONS: _____

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED: _____

| CONSULTANT SIGNATURE | DATE | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|---|
| ETA RN SIGNATURE | DATE | |
| PCP SIGNATURE | DATE | |

**Attach Progress Note page for additional information.**
**THIS FORM MUST BE RETURNED WITH THE PATIENT!!!**

DISTRIBUTION:
ORIGINAL - FILE IN UHR
GREEN   - TO UHR PENDING ORIGINAL
CANARY  - CONSULTANT
PINK    - UM
GOLD    - SPECIALTY SCHEDULER

PHYSICIAN REQUEST FOR SERVICES (RFS)       CDC 7243 (Rev. 11/02)

EXHIBIT G

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
**CDCR 114-D (Rev 10/98)**

12.9 TABLE

| DISTRIBUTION: | |
|---|---|
| WHITE-CENTRAL FILE | CANARY-WARDEN |
| BLUE-INMATE (2ND COPY) | PINK-HEALTH CARE MGR |
| GREEN- ASU | GOLDENROD-INMATE (1ST COPY) |

| INMATE'S NAME | CDC NUMBER | HOUSING |
|---|---|---|
| Martin | T-28520 | C-220-U |

### REASON(S) FOR PLACEMENT (PART A)

☒ PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHER

☒ JEOPARDIZED INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY

☒ ENDANGERS INSTITUTION SECURITY ☐ UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT:

On 11/27/06 you are being placed on Administrative Segregation, pending an investigation for suspicion of manipulating the locking bar mechanism of the cell door. Based on the aforementioned, your continued presence in the CTF Central general population presents an immediate threat to the safety of others, jeopardizes the integrity of the investigation, and endangers the safety and security of the institution. You will remain on Administration Segregation status pending completion of the investigation by Unit III Custody Staff and by review by the Institutional Classification Committee for appropriate housing/program needs. As a result of this Administrative Segregation placement, your credit earning, custody level, privilege group, and visiting status will be subject to change. You are not a participant in the Mental Health Delivery System at any level of care. Your TABE/Reading score is unregistered. Your placement was authorization by Associate Warden, Central Facility, C. Noll.

CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) ☐    IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINT NAME | SIGNATURE | | TITLE |
|---|---|---|---|---|
| 11/27/06 | R.A. Perez | | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE- | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 11-27-06 | 1650 | R. Perez | | 27. |

| INMATE REFUSED TO SIGN | INMATE SIGNATURE | | CDC NUMBER |
|---|---|---|---|
| ☐ | | | T-28520 |

### ADMINISTRATIVE REVIEW (PART B)

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

**IS THIS INMATE:**

| LITERATE?? | ☒ YES ☐ NO | EVIDENCE COLLECTION BY IE UNNECESSARY | ☒ YES ☐ NO |
|---|---|---|---|
| FLUENT IN ENGLISH?? | ☒ YES ☐ NO | DECLINED ANY INVESTIGATIVE EMPLOYMENT | ☒ YES ☐ NO |
| ABLE TO COMPREHEND ISSUES?? | ☒ YES ☐ NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | ☒ YES ☐ NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS?? | ☒ YES ☐ NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | ☐ YES |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED?? | ☐ YES | | |

Any "NO" requires assignment                           Any "NO" requires assignment

☒ NOT ASSIGNED                          ☒ NOT ASSIGNED

### INMATE WAIVERS

☐ INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER    ☐ INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| ☐ NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE |
|---|---|---|

### WITNESSES REQUESTED FOR HEARING

| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |

| DECISION: ☐ RELEASE TO UNIT/FACILITY | ☒ RETAIN PENDING ICC REVIEW | ☒ DOUBLE CELL ☒ SINGLE CELL PENDING ICC |
|---|---|---|

REASON FOR DECISION: Retain AD-SEG CO SS presence in CTF. Will represent
Meet to institutional security.

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| L. Cook | H/C | 11-28-06 | 1150 hrs | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|---|

See Chronological Classification Review document (CDC 128-G) for specific hearing information

EXHIBIT _H_

California Mens Colony

# D.D.U. Annex Cell Inventory Sheet

Date: 11-28-06

MARTIN, ELBERT                    T-28520                    072

        Name                              Number                        Cell

Inspection of Cell # ___207L___ in the D.D.U. Annex, reveals that the below listed cell fixtures have been found to be in good condition. Cell supplies, clothing, bedding, etc., as listed below have been issued to the occupant named above.

| | | Yes | No |
|---|---|---|---|
| Clean, untorn mattress | | ✓ | |
| At least one clean untorn blanket | | ✓ | |
| Properly functioning toilet | | ✓ | |
| Pillow, Clean, Untorn | | ✓ | |
| Lighting Fixture, functional | | ✓ | |
| Clean, disinfected cell | | ✓ | |
| Standard clothing issue...(Initial) | | ✓ | |
| Adequate Heating/Ventilation | | ✓ | |
| Radio Outlet...(Working) | | N/A | |
| Properly functioning sink | | ✓ | |

• Explain reason for checking "NO" column •

_____

_____

_____

_____

_____

_____

**SCREEN**

☐ Yes

☐ No

_____        _____
Signature of Cell Occupant                  Signature of Reporting Officer

CMC-ASU-007 (06/03) 0684

California Mens Colony
Administrative Segregation Unit

# Property Receipt

| Item | Description |
|------|-------------|
| *No Personal Property* | |

Inmate's Name (Printed): MARTIN, E.    $T-28520$

Inmate's Signature: _____

Date Received: 11-28-06

Inventory Officer: _____

Bin Number: _____

CMC–ASU–063 (03/02) 0423

# EXHIBIT _I_

**NAME and NUMBER**   MARTIN          ELBERT          T28520          4262          **CDC-128C**

It is required that inmate/patient be assigned a lower bunk and a lower tier for medical reasons.

From: 11/27/2006 through 05/27/2007

cc:   Central File
      Unit Health Record
      Facility Captain B-Quad
      CCII B-Quad
      Inmate

Michael Viggianelli, M.D.

CMC-East

DATE:  12/05/2006     ORDERED:  11/27/2006     MLA          **Lower Bunk - Lower Tier**          MEDICAL

EXHIBIT 5

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA

## REQUEST FOR AUTHORIZATION OF TEMPORARY REMOVAL FROM MEDICAL TREATMENT

| NAME | DOB | NUMBER | INSTITUTION |
|---|---|---|---|
| MARTIN, ELBERT | 5/7/1956 | T28520 | CTF SOLEDAD CF CW 220L' |

NAME OF HOSPITAL, CLINIC, OFFICE OR OTHER PLACE RECOMMENDED
SIERRA VISTA REGIONAL MEDICAL CENTER, 1010 MURRAY ST., SAN LUIS OBISPO, CA 93406, (805) 546-7600

**REASON FOR REQUEST (STATEMENT OF CHIEF MEDICAL OFFICER)**

DESCRIPTION OF CONDITION SUGGESTING REMOVAL
CONDITION REQUIRES OUTSIDE MEDICAL APPOINTMENT

DESCRIPTION OF EXAMINATION OR THERAPY RECOMMENDED
'SURGERY '

NATURE AND IMMEDIACY OF SERVICE: MANDATORY, EMERGENCY, OR ELECTIVE
    a) WHY CAN THE PROCEDURE NOTE BE DONE INTRAMURALLY

### CTF NOT EQUIPPED

(b) IF ELECTIVE, ARE FUNDS EARMARKED FOR THIS PURPOSE AVAILABLE?

ESTIMATED TIME AWAY FROM INSTITUTION (NOT MORE THAN 3 DAYS)

ESTIMATED COST

REMARKS

INMATE HAS AN APPT ON 12/13/2006 AT 0500 WITH DR. RAMBERG. HE WILL NEED TO BE NPO. DROP OFF.

| REFERRED BY: DR. SINNACO | CONFIRMED BY: | D. HUSSEY | |
|---|---|---|---|
| SIGNATURE OF CHIEF MEDICAL OFFICER | | | DATE: 11/28/06 |
| J. CHUDY, MD | | | |

# LABORATORY REPORTS

PLACE TOP OF REPORT #3 HERE

PLACE TOP OF REPORT #2 HERE

NAME AND NUMBER    MARTIN T28520    HOUSE  C-220L    CTF-C    CDC-128-C

Inmate MARTIN T28520 is scheduled for a medical procedure at SIERRA VISTA REGIONAL MEDICAL CENTER at 0500 on 12/13/2006. Approximate length of hospital admission is 3 to 5 days. A CDC Form # 7252 has been processed. It is requested that the Central Custody Captain or designee arrange for hospital guarding with the California Men's Colony.

ORIG:
COPY: Unit CC1
      Inmate
      UM RN
      TCR Coordinator
      CMO Secretary
      Central Custody Captain
      Medical File
      Chrono File

for _____
    JOSEPH CHUDY, M.D.
    Chief Medical Officer (A)
    CTF Soledad

DATE: 11/14/2006        MARTIN T28520            MEDICAL- PSHCHIATRIC- DENTAL

EXHIBIT K

# Memorandum

Date:    :    January 30, 2006

To    :    ADMINISTRATIVE SEGREGATION INMATES

From    :    California Men's Colony
San Luis Obispo, CA 93409

| | |
|---|---|
| LAST NAME: | *MARTIN* |
| CDC#: | *T-28520* |
| DATE ARRIVED: | *11-27-06* |
| FROM CELL: | *CW-220* |
| TO CELL: | *ASU-207-L* |

Subject    :    **ADMINISTRATIVE SEGREGATION PROPERTY GUIDELINES**

The following items may be removed from your personal property. You may only request the allotted items listed below. **You may only submit one (1) request in a 90-day period.** Any discrepancies noted on your property receipt must be addressed to your Quad/Unit property Correctional Officer. If your property has not been removed from your previous Quad/Unit and placed in Receiving and Release (R&R), you must contact your Quad/Unit property officer via a Request for Interview form. The Administrative Segregation Property Officer can not act upon a request until your property has reached CMC-East R&R.

**ALLOTTED ITEMS: Check items requested and make any comments on the back of this form.**

- ☑ Prescription Glasses (no hard glasses cases)
- ☐ Legal Paperwork (pending cases only)
- ☑ Soft Back Bible   *Holy Quran*
- ☐ Soft Back Dictionary
- ☐ (1 pair) Shower Shoes / Slippers
- ☑ (1 Pair) Underwear, Thermal / Long
- ☐ (2) Solid Stick Deodorant (removed from plastic container)
- ☑ (2) Toothpaste (remover from tube into plastic bag)
- ☐ Dental Flossers / Gliders (10 per week)
- ☐ Dentures
- ☐ (1 box) Denture Cleaner
- ☐ (2) Bar Soap
- ☐ (1) Shampoo
- ☐ (1) Palm Brush
- ☑ (1) Lotion (includes baby oil / sun block)
- ☐ (1) Address Book (no staples)
- ☑ (40) Blank Envelopes (legal / letter)
- ☐ (5) Greeting Cards
- ☑ (1) Legal Pad/Tablet (non-spiral)
- ☑ (40) Postage Stamps (U.S. postage only)
- ☑ (15 sheets) Stationery
- ☑ Health Care Appliance (purchased through the Medical Dept. / Dr. Rx.)
- ☐ (1) Wedding Band (not to exceed $ 100.00, yellow / white metal only, no set stones)
- ☐ (15) Photographs (maximum size 8 ×10)

C. Baker
ASU Lieutenant
California Men's Colony

**Received Date / Inmate Signature**

# EXHIBIT ∠



California Department of Corrections
**Correctional Training Facility**
Special Religious Diet (SRD) Card

MARTIN                          T28520
NAME        DATE              CDC#

CW-220                          MSLM
HOUSING     DATE           RELIGION

CHAPLAIN HANNAH  CORRECTIONAL TRAINING    AW W COHEN
                    FACILITY
CARD NUMBER: C-117

**EXHIBIT** _M_

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIC
CDC-128G (Rev 2

| No. | T-28520 | Name: | MARTIN, Elbert | | Bed: | BQ B4-4114 | CS: | 8 | Level: | 1 |
|---|---|---|---|---|---|---|---|---|---|---|
| Custody: | MED B | | Annual: | 11/2007 | Assignment: | ASU | | | | |

| WG: | A1 | PG: | A | Eff: | | Care Level: | GP | | DDP: | | DPP: | | TBA: | 32 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

WL: S        TABE: 12.9   Next BPH:                          Release Date:   1/5 EPRD 03-10-2013

Rx:     REFER CSR RX TX CMC-W / CCI, RELEASE TO CMC-W UNIT I GP

S appeared before ICC this date for a CDC 114D, and Initial Classification Review. S was placed in ASU on 11/27/0
following his arrival from CTF-Central as a Warden to Warden agreement based on S's alleged involvement
manipulating a locking bar mechanism of a cell door at CTF-Central. Based on this, S was initially placed in the C
ASU and subsequently transferred to CMC-E on 11/27/06. Committee notes a CDC 128B dated 11/30/06, authored
CC-II D.J. Carnazzo, which documents that the investigation was concluded on 11/30/06 and it was determined that
was not present in the cell when the cell door closure device was compromised. The recommendation was for
non-adverse release of S to the CMC-E GP and referral to the CSR for appropriate endorsement. S's placement sco
is 8. S was originally sentenced a determinate term of 15-years. S's current I/O for Robbery 2nd requires a case I
case review. Review of Probation Officer's Report (POR), page 2, reveals that S committed robberies of three ban!
from 9/99 through 5/00. S brandished a firearm and demanded money from tellers. The firearm was never used an

| Date: | 12-07-2006 | INSTITUTIONAL CLASSIFICATION COMMITTEE In Person | Inst: | CMC-E / A-Quad I: |
|---|---|---|---|---|

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTION
CDC-128G (Rev 2/69

No.    T-28520        Name:   MARTIN, Elbert                    Bed:   BQ B4-4114

there were no injuries to victims in any of these robberies. Therefore, VIO is not warranted. S has also served a prio
federal term for bank robbery in 1994, of which arrest report is not available as well as a prior CDC term of 3-years fo
Burglary in 1990. Arrest reports are not available as well. S is reviewed and cleared for double cell housing an
controlled compatible yard while in ASU. Committee elects to refer this case to the CSR RX TX CMC-W I with a
alternate to CCI-I. Committee elects to release S to the CMC-W unit I GP. S is placed in WG/PG A1A with MED-
custody upon transfer. CDC 812 is clear. S has no gang affiliation. Confidential file is clear. TB code of 32 per CD(
128-C dated 7/27/06. DDP designation is NCF per CDC 128-C2 dated 8/30/01. There are no DPP concerns. S is no
included in the MHSDS. TABE score is 12.9. Initial case factors: DOB: 5/7/56. S is a 50-year old, Black, 2nd termei
committed from L.A. County for Robbery 2nd Degree. Total term: 15-years. CLLR: L.A. Rec'd CDC: 9/29/01. Rec'
CMC: 11/27/06 from CTF for ASU housing. FPTTP: N/A. S does not meet criteria for M.D.O. referral per PC 2962. S i:
ineligible for Camp, CCRC, CCF, R/C, MSF and SAP due to TIM. S has no holds, escapes, arsons or sexual offense:
noted. S fully participated in Committee action. S understood the reasons for Committee's decision and agreed with
Committee's recommendation. S had no questions or comments for Committee this date. Staff assistance was no
requested nor required. S was advised to his right to appeal Committee action via the CDC 602 process. S was

| Date: | 12-07-2006 | INSTITUTIONAL CLASSIFICATION COMMITTEE In Person | Inst: | CMC-E / A-Quad Ia |
|---|---|---|---|---|

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128G (Rev 2/69)

No.    T-28520        Name:   MARTIN, Elbert                    Bed:   BQ B4-4114

further advised of his non-contact visiting status while in ASU. Next ICC in 90-days if S is not yet transferred.

COMM:

| D. Carey | T. Cook | S. Stack | G. Brownlee | M. Mee |
|---|---|---|---|---|
| CDA (A) & | Facility Captain | Chief Psychiatrist | Lieutenant | Asst. C&PR & |
| Chairperson | | (A) | | Recorder |

CC: Inmate, Quad & CSR

| Date: | 12-07-2006 | INSTITUTIONAL CLASSIFICATION COMMITTEE In Person | Inst: | CMC-E / A-Quad Ia |
|---|---|---|---|---|

EXHIBIT N

T28520

**Donald Ramberg, M.D.**
**Neurological Surgery**
**699 CALIFORNIA BLVD., SUITE #B**
**San Luis Obispo, CA 93401**
**(805) 543-6710**
**Fax (805) 543-8298**

## PRE-OPERATIVE INSTRUCTIONS

PATIENT NAME: _Martin, Elbert_
MEDICATIONS: _____
ALLERGIES: _____

1.  ~~PLEASE CALL 546-7731 TO SCHEDULE YOUR PRE-~~
    ~~OPERATIVE APPOINTMENT AT SIERRA VISTA. YOUR~~
    ~~APPOINTMENT SHOULD BE AT LEAST TWO-THREE~~
    ~~DAYS PRIOR TO SURGERY. (NO EARLIER THAN ONE~~
    ~~WEEK PRIOR TO SURGERY).~~

2.  DO NOT EAT OR DRINK AFTER MIDNIGHT ON THE
    NIGHT PRIOR TO SURGERY

3.  STOP ASPIRIN OR ANY ASPIRIN CONTAINING
    PRODUCTS, SEVEN DAYS PRIOR TO SURGERY

4.  STOP ALL OTHER MEDICATIONS BY MIDNIGHT ON
    THE NIGHT PRIOR TO SURGERY, UNLESS OTHERWISE
    INSTRUCTED

5.  ARRIVE FOR ADMISSION TO THE HOSPITAL TWO
    HOURS BEFORE SCHEDULED SURGERY TIME

DATE OF SURGERY: _Wed. 12/13/06_
TIME OF SURGERY: _12 NOON_
ARRIVAL TIME: _10:00 am_
HOSPITAL: _Sierra Vista Hospital_
ESTIMATED LENGTH OF STAY: _appro. 1-2 days_
SHOULD YOU HAVE ANY QUESTIONS, PLEASE CONTACT
SUSAN, OFFICE ADMINISTRATOR AT 543-6710.
THANK YOU!

```
**                                                                          **
   PATIENT NO: 009680969         ADMIT DT/TIME: 12/13/.. 10:26  M/R NO: 000688448
NS/RM/BED/ACM: SS  499 X  02                            FILING MR#:    688448
                              DISCH DT/TIME:                        BY: DXDA
  PATIENT NAME: MARTIN, ELBERT                            TITLE:
  MAILING ADDR: PO BOX 8101              SOCIAL SECURITY: 0000000001
     CITY/STATE: SAN LUIS OBISPO CA  93409 0001       PHONE: (805) 547-7900
  PHYSICAL ADR:                         NPP: 2.0 DATE: 12/08/03
     CITY/STATE:                                   PHONE: (   )
    OCCUPATION:                                 LANGUAGE: EN        FC: 81
           POB: UNKNOWN           ADMT PHYS: 7633- RAMBERG DONALD A HSV: 11
           DOB: 5/07/1956  ADMT PHYS PHONE: (805) 543-6710 RLG: NP PAR:
           AGE: 50 Y           ATTEND PHYS: 7633- RAMBERG DONALD A  MS: S
           SEX: M  REF PHY: 7633-RAMBERG DONALD A  PHN: 805 543-6710   SMK: N
          RACE: 1      FATHER'S DOB:           MOTHER'S DOB:         PT: 1
       REF SRC:              FLAG:                               VAL:N
===============================================================================
  EMER CONTACT: STATE OF CALIFORNIA CMC               REL: WARD OF THE COURT
       ADDRESS: PO BOX 8101                         PHONE: (805) 547-7900
    CITY/STATE: SAN LUIS OBISPO CA  93409
 NEAREST RELT: NONE OTHER                            REL: UNKNOWN
       ADDRESS:                                    PHONE: (   )
    CITY/STATE:                           RESEARCH ID:
===============================================================================
     GUARANTOR: STATE OF CALIF, CMC                  REL: WARD OF THE COURT
     ADDRESS 1: PO BOX 8101                        PHONE: (805) 547-7900
     ADDRESS 2:                          SOCIAL SECURITY: 000000001
   CTY/STE/ZIP: SAN LUIS OBISPO CA  93409 0001 OCC:              AF:
  PAYOR NAME 1: DEPT OF CORRECTIONS    INS. PLAN ID: AAZ3Q SRV/TYPE: ALLIP
     PLAN NAME: CALIFORNIA MENS COLONY (CMC)   IPA:
  BILL C/O NAME: ATTN JAMIE CORVERA, AA11   AUTH #:
  BILL ADDRESS: PO BOX 7021                CERT-SSN-HIC-ID#:
 CTY/STE/CNTRY: PASO ROBLES    CA  93447 7021  BILL PHONE: (805) 237-3030
  BILLING NAME:                                    GP #:
       INSURED: MARTIN, ELBERT                  SEX/REL: M SELF
      EMPLOYER: INMATE AT CMC          MSP:   TRACKING#:
       ADDRESS: P O BOX 8101                   EMP PHONE: (805) 547-7900
    CITY/STATE: SAN LUIS OBISPO CA  93409              ESC:    3
  PAYOR NAME 2:                             INS. PLAN ID:
     PLAN NAME:
  BILL C/O NAME:                          CERT-SSN-HIC-ID#:
  BILL ADDRESS:                       AUTH #:
 CTY/STE/CNTRY:                              BILL PHONE: (   ) 000-0000
  BILLING NAME:                                    GP #:
       INSURED:                                SEX/REL:
      EMPLOYER:                            TRACKING#:
       ADDRESS:                               EMP PHONE: (   ) 000-0000
    CITY/STATE:                                    ESC:
===============================================================================
     SPAN CODE:                      (  PRIOR VISIT:
  FROM/TO DATE:                         PRIOR HOSPITAL:
  CONDITION CD     CONDITION CD     OCCURRENCE CD/DATE     OCCURRENCE CD/DATE

                                     11    11/30/06
===============================================================================
  CHIEF COMPLAINT DESCRIPTION:          ADMIT DIAGNOSIS CODE:
     LUMBAR STENOSIS
  COMMENTS:  OBTND FRM OFFICER GOBLE ORDER SMK CESSATION ADV DIR ACK DECLOPTOT
             POSTERIOR LUMBAR LAMINECTOMY, BILATERAL L5-S1
```

**EXHIBIT** ᴐ

Ex. 4, B, 1- A

A MEDICAL GROUP
559 Abbott Street · Salinas, California 93901
Telephone (831) 775-5200

C - 220

JAMES A. KOWALSKI, M.D.
DONALD A. CATALANO, M.D.
GILES A. DUESDIEKER, M.D.
MICHAEL E. BASSE, M.D.
DAVID A. STAUNTON, M.D.
GARY E. FALKOFF, M.D.
RICHARD A. VILLALOBOS, M.D.

CHRIS GLENN, M.D.
B. MISA HOSOHAMA, M.D.
Y-LAN HO, M.D.
BRUCE LIN, M.D.
ROY MARTINEZ, M.D.
F. SCOTT PERELES, M.D.

| PATIENT NAME | ACCOUNT NO | | RADIOLOGY NUMBER |
|---|---|---|---|
| ELBERT-T28520 MARTIN | 9383375 | | 9383375 |

| AT THE REQUEST OF | DATE OF BIRTH | AGE/SEX | DATE OF SERVICE |
|---|---|---|---|
| CORNELL CLARK MD | 05/07/1956 | 50/M | 05/15/2006 |
| PO BOX 686 | | | |
| SOLEDAD, CA 93960 | | | |

The study was performed by an outside facility and the film submitted to Salinas Valley
Radiologists for interpretation.

MRI LUMBAR SPINE WITHOUT CONTRAST

COMPARISON: There are no prior studies available for comparison.

PROCEDURE: Sagittal T1 and T2 sequences of the lumbar spine were obtained. Oblique axial proton
density and T2 sequences from L3-4 to L5-S1 were obtained in a 1.5T MRI unit.

FINDINGS: No spondylolisthesis or fracture. Moderate-to-severe disk height loss at L5-S1 with a
large circumferential disk bulge with marginal osteophyte. Early disk desiccation is noted at L1-2.
Normal marrow signal. Normal signal and morphology of the conus located at L1. No intrathecal or
paraspinal mass.

L5-S1: Large circumferential disk bulge which touches the anterior thecal sac. The AP diameter of the
thecal sac measures 9 mm in the midline. There is moderate bilateral neural foraminal narrowing and
the disk appears to touch the exiting nerve roots on the right.

L4-5: Normal disk. No stenosis.

L3-4: Normal disk. No stenosis.

IMPRESSION:

1. Large circumferential disk bulge at L5-S1 causing moderate bilateral neural foraminal stenosis
and appears to be touching the exiting nerve root on the right. There is relative attenuation of
the thecal sac at this level as well.

2. Normal conus.

Thank you for referring your patient to us,

B. Misa Hosohama
B. Misa Hosohama, MD
BMH/pa

# EXHIBIT $\mathcal{P}$

SIERRA VISTA REGIONAL
MEDICAL CENTER
1010 Murray Ave.
San Luis Obispo, CA 93405
805-546-7953
DOB:  05/07/1956
Page 1 of 1

PT:  MARTIN, ELBER
MR#: 000688448    SVM
PT:  0             RM:
ADM: 12/13/2006    DIS:
ACCT: 9680969      AUTH ID: V600
506959RAMBERG
HISTORY AND PHYSICAL EXAMINATION

DATE OF ADMISSION:      12/13/2006

CHIEF COMPLAINT:  The patient is a 50-year-old male inmate at present who has
had back and bilateral leg pain since 1992 starting out with an injury and
initially just back and right leg pain which originally was a work-related
injury.  He had physical therapy for a year since then in prison system is
doing previous medications.  For the most part currently is on gabapentin.  He
has back pain and mid right and left leg pain coming in on a sitting  position,
walking increases the pain.

MRI scans that were done in My 2006 showing a large circumferential disc bulge,
L5-S1, causing bilateral neural foraminal stenosis.

PAST MEDICAL HISTORY:  Hypertension.  History of asthma.  No previous surgical
treatment.

PHYSICAL EXAMINATION:
GENERAL:  The patient is alert, oriented and in no acute distress.
HEENT:  Negative.
LUNGS:  Clear.
HEART:  Normal sounds.
ABDOMEN:  Negative.
NEUROLOGICAL:  Gait is normal, straight leg raise slightly positive
bilaterally.  Motor examination is normal.  Present is bilateral intermittent
lumbar radiculitis, right disc bulge, osteophytes.

IMPRESSION:
Admitted at this time for a lumbar decompression bilateral S5-S1 with
hemilaminectomy.  Preservation of spinous processes.  Discussed procedure with
him, postoperative course and risks associated and he wished to proceed with
the surgical treatment.

DONALD A. RAMBERG, M.D.

DAR:MQ/
d: 12/12/2006 16:36:31  t: 12/12/2006 19:01:34  JOB# 506959

Authenticated by Donald A. Ramberg, MD On 12/13/2006 12:28:57 PM

EXHIBIT Q

STATE OF CALIFORNIA                                                                      DEPARTMENT OF CORRECTIONS

## HEALTH CARE SERVICES
### PHYSICIAN REQUEST FOR SERVICES

(To be completed by requesting Physician and forwarded to Utilization Management Unit) C - 2204

| PATIENT NAME MARTIN, Elbert | | CDC NUMBER 128570 | INSTITUTION CTF |
|---|---|---|---|

| DATE OF BIRTH 5-7-56 | EPRD DATE 2013 | | GENDER |
|---|---|---|---|

| PRINCIPLE DIAGNOSIS LSS, HNP + NF stenosis | | ICD - 9 CODE | CPT CODE(S) |
|---|---|---|---|

| REQUESTED SERVICE(S) Consult Neuro Surgeon | # OF DAYS RECOMMENDED |
|---|---|

*Please circle all that apply:* **Diagnostic Procedure/Consultation**          Outpatient/Inpatient          **Initial/Follow-up**

Requested Treatment/Service is:    **EMERGENT**          **URGENT**          (**ROUTINE**)

*For the purpose of retrospective review,* if emergent or urgent, please justify: _____

Proposed Provider: _____                                    Anticipated Length of Stay: _____

Expected disposition (i.e.: outpatient follow-up, return to institution, transfer): _____

Medical Necessity *(briefly describe the clinical situation; the history of the illness, treatments used, pertinent lab and imaging studies, or questions for the consultant)*:    LBP X 14 y. after industrial injury.
    MRI 1992 - HNP
    MRI 2002 - LSS, HNP

Estimated time for service delivery, recovery, rehabilitation and follow-up: _____

Summary of preliminary or diagnostic work up, conservative treatment provided (if applicable, please provide TB code, CD4, viral load, albumin, total protein and dates within last 3 months): _____

Comments (diagrams, risk factors, prognosis, alternative management, etc.): _____

| REQUESTING PHYSICIAN PRINTED NAME C SINNA CO    M - D For R. Friedman By VRE | APPROVED / AUTHORIZED / DENIED / DEFERRED BY N Dragon | DATE 7.7+0 6 |
|---|---|---|

| REQUESTING PHYSICIAN SIGNATURE   Sinnan | DATE 7-28-06 | Utilization management tracking #: |
|---|---|---|

| DATE OF CONSULTATION 10/3/06 | PRINTED NAME OF CONSULTANT ONAUG RAMBERG, MD |
|---|---|

FINDINGS: _____ Lumbar sacluitts related from lumbar extremity--S.

RECOMMENDATIONS: _____ Lumbar Laminects, L - J,

FOLLOW-UP OR FURTHER EVALUATIONS REQUESTED: _____ Surgery

| CONSULTANT SIGNATURE | DATE 10/3/06 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|---|
| ETA RN SIGNATURE | DATE | |
| PCP SIGNATURE | DATE | |

### Attach Progress Note page for additional information.
### THIS FORM MUST BE RETURNED WITH THE PATIENT!!!

DISTRIBUTION:
ORIGINAL - FILE IN UHR
GREEN    - TO UHR PENDING ORIGINAL
CANARY   - CONSULTANT
PINK     - UM
GOLD     - SPECIALTY SCHEDULER

PHYSICIAN REQUEST FOR SERVICES (RFS)          CDC 7243 (Rev. 11/02)

EXHIBIT _R_

SIERRA VISTA REGIONAL
MEDICAL CENTER
1010 Murray Ave,
San Luis Obispo, CA 93405
805-546-7953
DOB: 05/07/1956
Page 1 of 1

PT:  MARTIN, ELBERT
MR#: 000688448        SVM
PT:  1                RM: 0499 X
ADM: 12/13/2006       DIS:
ACCT: 9680969         AUTH ID: V600
168047RAMBERG
OPERATIVE REPORT

DATE OF OPERATION:        12/13/2006

SURGEON:                  DONALD A. RAMBERG, M.D.

ASSISTANT SURGEON:        RNFA

PREOPERATIVE DIAGNOSIS:   Lumbar radiculitis, bilateral L5-S1, spondylolisthesi
and spondylosis.

POSTOPERATIVE DIAGNOSIS:  Lumbar radiculitis, bilateral L5-S1,
spondylolisthesis and spondylosis.

PROCEDURE:  Posterior lumbar decompression of bilateral L5-S1.

DESCRIPTION OF PROCEDURE:  Under endotracheal anesthesia, the patient was
placed in the prone position, prepped and draped in the usual manner.  A low
lumbar incision was made and carried down  to expose bilaterally the lamina of
L5 and the sacrum.  X-rays were used for identification.  Beginning on the left
side, a partial inferior hemilaminectomy of L5 was done with partial removal o
the superior facet of the sacrum to allow opening of the neural foramen.  The
disk was not protruding much beyond the bone edges.  Spondylolisthesis was
noted.    The neural foramen could be cleared adequately.  Gelfoam was placed
over the exposed nerve root and thecal sac.  Then attention was directed to th
right side.  There a partial inferior hemilaminectomy of L5 was done with
partial inferior facetectomy along with partial superior  facetectomy of L5 an
then the sacrum were done.  Neural foramen was opened widely on the right side
and no herniated disk fragments were noted.  The disk was fairly flat.  The
epidural was cauterized with the bipolar cautery and the Gelfoam was left over
the exposed nerve root and thecal sac.   Muscle and fascia were closed with #1
Vicryl followed by subcutaneous tissues with 2-0 Vicryl and the skin with
staples.

DONALD A. RAMBERG, M.D.

DAR:MQ/
d: 12/13/2006 12:32:27  t: 12/13/2006 13:48:54  JOB# 168047

Authenticated by Donald A. Ramberg, MD On 12/18/2006 1:57:00 PM

EXHIBIT _S_

Sierra Vista
Regional Medical Center
Tenet California



SCANNED

MD-0016 (03/06)

| HOME MEDICATIONS (Include Herbal, OTC, Investigational Drugs, and Patches) | | | | | | | HOSPITAL MEDICATIONS • ORDERS | | | | CONTINUE AT HOME |
|---|---|---|---|---|---|---|---|---|---|---|
| MEDICATION (PLEASE PRINT) | SC* | DOSE | RTE | FREQ. | REASON FOR USE | LAST TAKEN DATE/TIME | CONTINUE ON ADMISSION | DOSE CHANGE TO... | FREQ. CHANGE TO... | RENEW UPON DISCH. |
| HTN | | | | | | 12-11 | ☐ YES ☐ NO | | | ☐ YES ☐ NO |
| GaBapentin | | | | | | 12-11 | ☑ YES ☐ NO | | | ☑ YES ☐ NO |
| Lipitor | | | | | | 12-11 | ☑ YES ☐ NO | | | ☐ YES ☐ NO |
| Tylenol | | | | | | 12-12 2030 | ☑ YES ☐ NO | | | ☑ YES ☐ NO |
| | | | | | | | ☐ YES ☐ NO | | | ☐ YES ☐ NO |
| | | | | | | | ☐ YES ☐ NO | | | ☐ YES ☐ NO |
| | | | | | | | ☐ YES ☐ NO | | | ☐ YES ☐ NO |
| | | | | | | | ☐ YES ☐ NO | | | ☐ YES ☐ NO |

*Source Code: P= Patient  NH= Nursing Home  F= Family Member  H= Hospital Record  B= Med Bottle  Rx= Patient's Pharmacy

ADMITTING NURSE: _S. Rincon RN_    DATE: _12/13_    TIME: _1820_

| NURSE NOTED | | DATE | | TIME | DATE/TIME | ADMITTING PHYSICIAN SIGNATURE OR AUTH ID # |
|---|---|---|---|---|---|---|
| 24 HR. CHART CHECK BY NURSE | | DATE | | TIME | TO/VO | |
| | | | | | READ BACK: | INITIALS: |

Home and Current Hospital Medications Reviewed Prior to Discharge    ☑ YES    ☐ NO

Discharging Physician's Signature    12/15/06    DATE    TIME

COPY FAXED to DR _____ (Primary Care Physician) ☐ YES    ☐ NO

## DISCHARGE PRESCRIPTION ORDERS (FOR FACSIMILE USE ONLY)
### NOT for Schedule II Medications

| FAXED AS A COURTESY FOR DOCTOR: | | FAXED BY: | DATE: | PHARMACY NAME: _____ | | |
|---|---|---|---|---|---|---|
| _Cambrey_ | | | | PHARMACY FAX#: _____ | | |
| MEDICATION (PLEASE PRINT) | DOSE | ROUTE | FREQ. | REASON FOR USE | QUANTITY | REFILLS |
| Percocet NHO | 5-_ | p | 04N | pain | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

PHYSICIAN SIGNATURE    12/15/06    DATE    AN 2329977    DEA NUMBER

THE PRESCRIBING PHYSICIAN MUST BE CALLED FOR ALL CLARIFICATIONS

MEDICATION CONTINUUM
ORDER SET
Page 1 of 1



ACCT#9680969

MR# 000688448  12/13/2006  FC:81  0/35
MARTIN, ELBERT  DOB:05/07/1956
Dr. RAMBERG DONALD A  -  M  50y
Sierra Vista Regional Medical Center

EXHIBIT _7_

*Ex/HiBiT-E*

## DEPARTMENT OF CORRECTIONS                    STATE OF CALIFORNIA

**DATE OF ADMISSION:** 12/15/06

**HISTORY OF PRESENT ILLNESS:** This patient is status post lumbar laminectomy at Sierra Vista Hospital done by Dr. Ramberg on the 13th. The patient is still ambulating somewhat poorly and will be unable to get to the chow hall and so is admitted here for progressive ambulation only. He is doing well otherwise.

**PAST MEDICAL HISTORY:** His other medical problems include hypertension, increased cholesterol, heartburn (likely GERD), and asthma which is primarily a nighttime problem for the patient. He has no known drug allergies. His TB code is 31. His only previous surgery was an outpatient removal of a breast lump likely gynecomastia.

**FAMILY HISTORY:** His father is deceased of cancer of the liver. His mother is 86 years old and generally in good health although she has a pacemaker. He has three sisters in good health and three children in good health.

**SOCIAL HISTORY:** He has used cocaine in the past, the last time in 1992. He is also an ex-tobacco smoker since 1992. For employment on the street he is a driver. His parole date is 2012.

**REVIEW OF SYSTEMS:** He complains of a recent sort throat. EENT otherwise negative. Neck – no masses, swelling, tenderness or thyroid disease. Chest – no cough or wheeze. Nocturnal asthma, especially with temperature changes. Otherwise no chest complaints. Cardiac – no rapid or slow heartbeat, syncope or palpitation. GI – no nausea or vomiting or diarrhea. He has had constipation since the surgery. GU – he has had a rash on the scrotum.

## PHYSICAL EXAMINATION:

GENERAL APPEARANCE: He is awake, alert and cooperative, oriented x three and in no acute distress, but moves very slowly and keeps his back quite straight.

VITAL SIGNS: His weight is 192 pounds; blood pressure 152/98; temperature 98.9 oral; pulse 84 and regular; respirations 14.

HEENT: ENT reveals blister-type lesions on the soft palate, some of them opened, and about a half-dozen, 2 to 3 mm lesions noted.

NECK: Supple without adenopathy.

LUNGS: Chest clear to auscultation and percussion with equal bilateral breath sounds.

COR: Regular rate and rhythm without murmur, rub or gallop.

ABDOMEN: Benign without masses or tenderness.

INGUINAL/GENITALIA AND RECTAL: Deferred but on previous exam he has an eczematoid rash on the scrotum.

EXTREMITIES: Unremarkable

continued.....

|  |  |
|---|---|
| CDC NO: | T-28520 |
| NAME: | MARTIN, ELBERT |
| DOB: | 5/7/56 |

CALIFORNIA MEN'S COLONY
ADMISSION HISTORY & PHYSICAL
CDC-7206

**DATE OF ADMISSION: 12/15/06**
**Page 2**

**ASSESSMENT:**
1.    Post-op lumbar laminectomy.
2.    Constipation secondary to narcotics.
3.    Hypertension.
4.    Increased cholesterol.
5.    Gastroesophageal reflux disease.
6.    Intermittent bronchospasm.

**PLAN**: Patient is admitted to the hospital for progressive ambulation. His medications will be continued. He will be on Vicodin for pain. Hopefully he can be discharged to general population within the next three or four days, but he will need to be able to climb stairs and ambulate a little better than currently before discharge.

D. M. Perry, M.D.

Orig: Hospital Chart

D/R/T: 12/15/06

| | |
|---|---|
| CDC NO: | T-28520 |
| NAME: | MARTIN, ELBERT |
| DOB: | 5/7/56 |

CALIFORNIA MEN'S COLONY
ADMISSION HISTORY & PHYSICAL
CDC-7206

EXHIBIT _U_

EXHB.T.D

# TwinCitiesCommunityHospital / Sierra Vista Regional Medical Center
## PATIENT TRANSFER AND REFERRAL RECORD

| | |
|---|---|
| Transferred to: _Spdstarl CMC_ | Address _Aug 1_ Phone _547-785/0_ |
| Type of Transportation | Discharge Coordinator |
| Amb. ☐ Pvt. Auto ☑ Other: _Van_ | |

**Primary Diagnosis**

| | |
|---|---|
| Physician in Charge at Time of Transfer | Continue to Care for Patient? ☐ Yes ☑ No |
| II No, Physician for Continued Care | Address ___ Phone 547-785? |

**Expected Discharge Goal:**

**Prior Home Health Agency:**

## NURSING INFORMATION

| | Indep. | Assist. | Unable | | Usually | Occ. | Rarely |
|---|---|---|---|---|---|---|---|
| Bathe | ✓ | | | Able to Communicate | | | |
| Dress | ✓ | | | Motivated to Self Care | | | |
| Eating | ✓ | | | Follows Directions | | | |
| Personal Hygiene | ✓ | | | Bowel Control (Date Last BM _5 /__) | | | |
| Transfers | ✓ | | | Bladder Control (Date Cath. Inserted ___ ) | | | |
| Ambulate | | | | Restraints | | | |
| Amb Care ☐ Crutch ☐ Walker ☐ Alert ☐ Confused ☐ Forgetful ☐ Noisy ☐ Wanders ☐ |

**Pressures Areas (Describe)**
**Decubitus Ulcers**

**Languages Spoken and Understood** _English_

**Nurse's Report**

Chart copied on: _12/15_
By: _____

---

## PHYSICIAN'S DISCHARGE ORDERS

**Diet:** _Regular_

**Activity:**

**Treatments:**

**Medications:**

---

| Date | Physician Signature |
|---|---|

Addressograph Stamp

```
MR/0006868448  12/13/2006   FC-81   0035
MARTIN, ELBERT  DOB:05/07/1956
Dr. RAMIRO, DONALD A      M  60y
Sierra Vista Regional Medical Center
```

ACCT/9680969

---

EXHIBIT V

NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|---|---|---|---|
| 12/18/06 | 1320 | | Vicodin i̅ to i̅i̅ tabs PO Q6° PRN pain X24° T.O. DR. Misson / JLW R |
| | | | noted by: JLW 12/18/06 1320 |
| 24° ✓ Dominguez RN 12/19/06 @ 010 | | | |
| 12/19/06 | | | Discharge to GP Vicodin 1-2 po tid prn pain x i̅ wk, then D/C Zithromax 250 mg po qd today + tomorrow, then D/C ∟ given cl/qds Bloom |
| 12/19/06 | | | noted by h Dallas RN |
| 12-19-06 | 14³⁵ | | 8 staples to FUE c̄ Dr. Ronley in i̅ mos. If discharged today, may remove staples @ WES Motrin 800 mg. TID PR x i̅ week. J. Dr. Gallaghe |

ALLERGIES: NKA  noted 12-19-06 @ 010 RN

INSTITUTION
CMC

ROOMWING
211 C

Confidential
client information
See W & I Code, Sections 4514 and
5328

CDC NUMBER, NAME (LAST, FIRST, MI)

MARTIN , GILBERT

T 28520

5-7-56

PHYSICIAN'S ORDERS

CDC 7221 (2/10)
STATE OF CALIFORNIA          OSP 05 93459          DEPARTMENT OF CORRECTIONS

*CMC Hosp.*

| DATE | TIME | |
|---|---|---|
| 12-18-06 | 06 | PT - eval complete - see P/notes |
| | | P)Review Gait (TX tomorrow |
| | | for possible DC |
| | | _Tommy Durin_ PT |
| | | |
| 12-18-06 | | Med Guy Coverage - |
| | → | Alone ē Pain in left leg - |
| | | Slow ambulator - |
| | | See notes in OT/PT section. |
| | | Takes Vicodin only about 2X/day |
| | | See notes in PT (stat) |
| | | Expect Discharge (~2d) |
| | | _signature_ |
| | | |
| 12-19-06 | | PT - reviewed TX, Gait to ↑ push-off |
| | | (L), swing (R). Pt favors hip ER |
| | → | swing (R) a bas (L) LE ext weakness |
| | | (L) > (R). |
| | | Pt (I) ē Transfers, gait + safe to |
| | → | DC to west side. |
| | | _Tommy Durin_ PT |

| INSTITUTION | HOUSING UNIT | | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|---|---|
| CMC | 211C | | MARTIN, GILBERT |
| | | | T28520 |
| | | | 5-7-56 |

**INTERDISCIPLINARY PROGRESS NOTES**

CDC 7230 (Rev 04/03)
STATE OF CALIFORNIA                    DEPARTMENT OF CORRECTIONS

| DATE | NOTES |
|------|-------|
| 12-18-06 | MD Order — PT eval |

Prior to surgery — L5 - spondylolisthesis, disc bulge,
bilateral neural foraminal stenosis L5-S1
s/p - Post. lumbar decompression bilateral L5-S,
L5 hemilaminectomy ℗ ℗ facetectomy S)
L5    "    ℗ ℗  "  L5 & S1
Pt was ⓘ Transfers, gait x 250' ⓢ device
12-14-06 per PT-hospital notes (Sierra Vista)
Sensation: radiating pain ℗ post thigh, LBP
Strength: UE's WNL's, LE /abd/IR 3/5 at best
pt requires ℗ for sit ⇆ stand ī SPC.
Gait ⓘ slow ī Gait favors hip ER.
A/P - ↓ed knowledge neutral spine,
LE weakness, ↓ed trunk stability
Gait speed ≤ than normal,
P) Normalize functional Gait speed ⓘ HEP
to ↓ ℗ radicular pain & st. strengthen LE's
DC to west by Wed.
Instructed on spine positioning, sit ⇆ stand
℗ LE ROM & wall glide to 30°
Review ī X & gait tomorrow.
Tammy Kerin PT

PHYSICAL THERAPY PROGRESS NOTES

CDC NO: T28520
NAME: Martin, G
DOB:

CMC-MED-127 (Rev. 04/88 1151)

# EXHIBIT W

**Document Effective Communication**

~~TREAT AS~~ ORIGINAL

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**

CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| C MC - EAST | 06-2972 | 18. ADA |

*NOTE:* THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| ERIC THOMAS MARTIN | T-28520 | NONE | NONE | A-2112 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified Individuals with a disability hall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or rograms of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable ou to participate in a service, activity or program offered by the Department/Institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will I be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" if the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision endered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on he CDC 602.

**MODIFICATION OR ACCOMMODATION REQUESTED**

DESCRIPTION OF DISABILITY:

(CHRONIC) BACK PAIN AND LEFT LEG HAS PAIN RUNNING DOWN FROM HIP TO FEET (BACK SURGERY)

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

(BACK SURGERY) WAS DONE ON 12-13-06 AT SIERRA VISTA Hosp, BY DR ROSENBURG

DESCRIBE THE PROBLEM:

UNABLE TO STAND OR WALK FOR LONGER THAN TO 15 mins) WITH EQUAL PRESSURE ON BOTH LEGS OR FEET UNABLE TO SLEEP ON (HIPS AND BACK) DUE TO THIN MATTRESS

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

1) PROVIDE INMATE WITH WALKING CAIN
2) PROVIDE INMATE WITH DOUBLE MATTRESS AND/
OR Egg CRATE MATTRESS

DEC 2 9 2006

CMC APPEALS OFFICE

| INMATE/PAROLEE'S SIGNATURE | DATE SIGNED |
|---|---|
| | 12/26/06 |

**TREAT AS ORIGINAL**

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. CMC-E
2. _____

Log No.
1. 06-2972
2. _____

Category
AOA

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken or using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Martin | T-28520 | | 2112 |

A. Describe Problem: _____

f you need more space, attach one additional sheet.

B. Action Requested: _____

Inmate/Parolee Signature: _____     Date Submitted: _____

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

DEC 2 9 2006

CMC APPEALS OFFICE

## INMATE APPEAL ASSIGNMENT NOTICE

To: INMATE MARTIN, T28520                                    Date: January 2, 2007
Current Housing: EFAQB1F10000~~1~~

From: INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER: CMC-E-06-02972

ASSIGNED STAFF REVIEWER: HCM   *(Cain taken away)*
APPEAL ISSUE: ADA
DUE DATE: 01/23/2007

Inmate MARTIN, this acts as a notice to you that your appeal has been sent to the above
staff for SECOND level response. If you have any questions, contact the above staff
member. If dissatisfied, you have 15 days from the receipt of the response to forward
your appeal for THIRD level review. Third level appeals are to be mailed directly to:

> Chief of Inmate Appeals
> Department of Corrections
> P. O. Box 942883
> Sacramento, CA 94283-0001

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

*– No reply – on 602*

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:    June 26, 2007

To:    MARTIN, T28520
       California Correctional Institution (CCI)

Subject:  SECOND LEVEL APPEAL RESPONSE
          LOG NO.: CMC-E-06-2972

### ISSUE:

Inmate Martin alleges that he is unable to stand or walk for longer than 10 to 15 minutes with equal pressure on both feet. In addition, he claims that he is unable to sleep due to his thin mattress.

Inmate Martin is requesting to be provided with a walking cane and to be provided with a double mattress or egg crate mattress.

INTERVIEWED BY: K. Sampson, Correctional Counselor II, at CCI

REGULATIONS: The rules governing this issue are:

**Armstrong v. Schwarzenegger Court Ordered Remedial Plan Section (ARP) I. POLICY**
It is the policy of the California Department of Corrections and Rehabilitation (CDCR) to provide access to its programs and services to inmates and parolees with disabilities, with or without reasonable accommodation, consistent with legitimate penological interests. No qualified inmate or parolee with a disability as defined in Title 42 of the United States Code, Section 12102 shall, because of that disability, be excluded from participation in or denied the benefits of services, programs, or activities of the Department or be subjected to discrimination. All institutions/facilities housing inmates with disabilities will ensure that housing and programming are reasonable and appropriate in a manner consistent with their mission and Department policy.

**ARP II.F. Reasonable Accommodation/Modification**
The Department shall provide reasonable accommodations or modifications for known physical or mental disabilities of qualified inmates/parolees. The Department shall consider, on a case-by-case basis, accommodations for inmates/parolees with impairments that are temporary in nature. Examples of reasonable accommodations include special equipment (such as readers, sound amplification devices, or Braille materials), inmate or staff assistance, bilingual or qualified sign language interpreters, modifying work or program schedules, or grab bars installed for mobility impaired inmates who require such (including mobility impaired inmates whose disability does not impact placement).

MARTIN, T28520
CASE NO. CMC-E-06-2972
PAGE 2

At the second level of review an inquiry was conducted which included a review of your Reasonable Modification or Accommodation Request and all other pertinent documentation. In researching the issues of your Reasonable Modification or Accommodation Request and the interview with you conducted by CCII Sampson, it was determined that you were provided the requested accommodations while at CMC for pain as a result of back surgery. You indicate that your pain and related issues have now subsided due to the healing process and that you no longer require accommodation.

DECISION: The appeal is partially granted.

You are advised that this issue may be submitted for a Director's Level of Review if desired by completing section "H" of the CDCR 602 and mailing the appeal to the Director of Corrections and Rehabilitation at the address listed on the CDCR 602.

ROBERT MEYERS, MD.
Health Care Manager
California Men's Colony

EXHIBIT  X

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

1. CMC-EAST    1. 07-00214    property

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| ELBERT (MARTIN) | T-28520 | NONE | A-GA-1156-X |

A. Describe Problem: On 12-13-06, @ 0900 hrs. Inmate Martin was ask to strip down to his underwear so that he could be transported to Sierra Vista Hosp. for Back Surgery, upon leaving the cell inmate was told that he could not take anything with him, and that I would have to leave it behind, meaning my (Legal Papers). I was told by C/o England 2nd Watch, that the cell I was in BQ B4-4114, would be left open for the next 3-days for me, and that my (Legal Papers) should be left in the cell, it was put inside a plastic bag and left inside the cell, (see attached sheet)

If you need more space, attach one additional sheet.

B. Action Requested: Have all Legal Papers returned, so that Legal Papers can be submitted to the Courts in a timely matter.

Inmate/Parolee Signature: Elbert Martin    Date Submitted: 1-21-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

MAR 2 3 2007    APR 0 6 2007

JAN 2 5 2007    CMC APPEALS OFFICE

CMC APPEALS OFFICE

CMC APPEALS OFFICE

Page 2 of 2    Cont.

1-21-07

C.D.C-602 Inmate / Parolee Appeal form

ELBERT MARTIN    T-28520    A-QD-1156-X

Inmate left Sierra Vista Hosp. on 12-15-06, and was admitted to CMC-Hosp on 12-15-06, on 12-19-06 Inmate was released to A-QD-2112, Inmate has sent (Inmate Request Form) to C/o England 2nd Watch, (Inmate Ad-Seg B4-4114-B8) stating what as happen and at this time Inmate as not recd any reply as to the where abouts of inmates Legal Papers.

Inmate:
Elbert Martin    1-21-07

## INMATE APPEAL ASSIGNMENT NOTICE

To: INMATE MARTIN, T28520                    Date: January 26, 2007
Current Housing: EFAQB1F100001156X

From: INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER: CMC-E-07-00214

ASSIGNED STAFF REVIEWER: AWPS
APPEAL ISSUE: PROPERTY
DUE DATE: 03/12/2007

Inmate MARTIN, this acts as a notice to you that your appeal has been sent to the above staff for FIRST level response. If you have any questions, contact the above staff member. If dissatisfied, you have 15 days from the receipt of the response to forward your appeal for SECOND level review.


D. Engler/M. Vela
CC-II Specialist
California Men's Colony

PROOF OF SERVICE BY MAIL

1

2    I, *ELBERT MARTIN*, am a resident of a California State Prison in

3    Kern County, am over the age of eighteen (18), and am    a party to this

4    legal action. My prison address is: California Correctional Institution, P.O.

5    Box 1031, Tehachapi, CA 93581.

6    On *19 MARCH* 200 *7*, I served the following documents:

7    *INMATE/PAROLEE APPEAL FORM, Log # CMC-*

8    *E-07-00214 (PROPERTY) (MEMORANDUM)*

9    upon the party(s) listed herein by placing a true copy(s), enclosed in a

10   sealed envelope(s), with sufficient postage affixed, into the receptical

11   provided for the United States Mail Service, deposited in the manner prescribed

12   by the CDC, at the California Correctional Institution and addressed as follows:

13

14   *ATTN: INSTITUTION APPEALS COORDINATOR*
15   *-SECOND LEVEL- REVIEW*
16   *CALIFORNIA MEN'S COLONY*
17   *P.O. BOX 8101*
18   *SAN LUIS OBISPO CA, 93409-8101*

19

20

21   There is regular delivery service by the United States Postal Service

22   between the two locations.

23   I declare, under penalty of perjury, that the foregoing information is

24   true and correct.

25   Executed on *19 MARCH* 200 *7*

26

27

*Elbert J Martin*
Declarant / Server    *T-28520*

*CC: ATTORNEY GENERAL*
*CC: STATE ASSEMBLY MEMBER*

**State of California**
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*March 23, 2007*

*MARTIN, T28520*
*EFAQB1F100001156X*

Log Number: CMC-E-07-00214
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Indicate why you disagree with the First Level response and return to the Appeals Office.*

D. Engler/M. Vela
CC-II Specialist
California Men's Colony

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

ATTACHED FORM,    602   INMATE; PAROLEE APPEAL FORM

TO: M. VELA   CC-II SPECIALIST, CALIFORNIA MENs COLONY

SUBJECT: CDC FORM 695   SCREENING FORM

RE: SCREENING AT THE SECOND LEVEL

F. If dissatisfied, explain reasons for requesting a Second-Level Review
, and submit to Institution or Parole Region Appeals Coordinator within
15 days of receipt of response.

Disagree: INMATE MARTIN-T28520 DISAGREE WITH THE FIRST LEVEL RESPONSE
BECAUSE CMC-EAST STAFF HAS FAILED TO REMEDY THE PROBLEM OF LOST PROPERTY
AND  WILL NOT BE ABLE TO FIND INMATES PROPERTY, AS INMATE MARTIN HAS SPOKEN
WITH SGT. DIEBALL , AND HE AS SAID THAT THERE IS NOTHING ELSE THAT HE OR HIS
STAFF CAN DO IN THIS MATTER, IN THAT THE LEGAL PROPERTY IS LOST.
I DISAGREE WITH  THE FIRST LEVEL RESPONSE ALSO BECAUSE THE CAVALIER
ATTITUDE TO THEIR CONTRACTUAL AND ETHICAL RESPONSIBILITIES IS UNACCEPTABLE.
THEIR INABILITY OR UNWILLINGNESS TO COMMUNICATE EFFECTIVELY IS EQUALLY
UNACCEPTABLE.

DATED: MARCH -30-2007 RESUBMIT                    Eellert D. Martin

cc; ATTORNEY GENERAL
cc; STATE ASSEMBLY MEMBER

State of California                                   Department of Corrections and Rehabilitation

# Memorandum

**Date**    : February 13, 2007

**To**      : MARTIN, Elbert
           T-28520 1156X
           CMC East Facility

**Subject** : CMC APPEAL LOG #CMC-E-07-00214 (PROPERTY)
           FIRST LEVEL REVIEW

           **ACTION REQUESTED:**     **LOCATE AND RETURN MISCELLANEOUS NOTES OF
                                     LEGAL MATTERS**

APPEAL: DENIED

A review of your appeal has been completed. Your Appeal/Complaint including your
requested remedial action has received careful consideration. In your appeal, you
contend that on 12-13-06 at approximately 0900 hours, while you were housed in
Administrative Segregation Unit, cell 4114, at CMC-East Facility, you were ordered to
strip down to your underwear in preparation to be transported to the Sierra Vista Hospital
for back surgery. You further contend that custody staff had stated to you that you are not
allowed to take anything with you. Correctional Officer D. England on Second Watch
stated to you that the cell would be left open for the next three (3) days, for you, and that
your miscellaneous notes of legal matters should be left in the cell. Additionally, you
contend that you observed that your legal papers (miscellaneous notes) were placed in a
plastic bag and left in your assigned cell 4114. Upon your return to the institution and
after receiving your personal property from Receiving & Release, you noticed these items
were missing. The action you requested to remedy this situation is to locate/return your
personal legal papers, so that you can submit your legal matters to the courts in a timely
manner.

On 2/2/07, at approximately 1000 hours, I interviewed you regarding your
appeal/complaint and you reiterated the issues of your appeal. During the interview, I had
asked that you describe the missing legal items. You stated that you were missing
"various" legal paperwork(s) in which you had in your assigned cell (4114), at the time
that you were transported to Sierra Vista Hospital. I further asked you if you are able to
request/receive another copy of the missing legal material from the courts. You stated
that the paperwork in question was "notes" of documented times/dates of legal matters,
and that this information cannot be regenerated from the courts.

On 2/6/07, I conducted an interview with Correctional Officer D.L. England, regarding your
lost property. Officer England indicated that he remembered removing your property
items (paperwork) and delivering these items to the Administrative Segregation Unit
(ASU) 1st Floor Overflow Office. These items were held in the office, until they were taken
to Receiving and Release and placed back into your stored property by the ASU Property
Officer. Officer England was unable to recall when the ASU Property Officer
accomplished this task.

FIRST LEVEL REVIEW
Appeal Log # CMC-E-07-00214
Page 2 of 3

On 2/7/07, I conducted an interview with Correctional Officer H. Keel. Officer Keel was assigned as the ASU Property Officer during the time in question. The interview revealed that Officer Keel remembers collecting/delivering property to Receiving & Release, but was uncertain if any of the property he collected or delivered belonged to you.

On 2/7/07, I conducted an interview with Correctional Officer M. Calsing, Administrative Segregation Unit (ASU) Property Officer, regarding your lost property. The interview revealed that Officer Calsing had conducted a thorough search of Receiving & Release for your missing property with negative results.

On 2/9/07, I contacted Receiving & Release and requested they search for the missing property. Subsequently, the Receiving & Release staff informed me that they might have located the missing property and the staff requested to have you report to Receiving & Release on 2/10/07. On 2/10/07, you and I reported to Receiving & Release, CMC-East Facility, at which time, Correctional Officer J.W. Cones reported that he could not locate the missing items.

A review of the circumstances surrounding your appeal indicates that ASU staff failed to appropriately process your missing property items (miscellaneous legal notes) from ASU back into your stored property in Receiving and Release. Despite their best efforts, ASU and Receiving and Release staff have been unable to locate these property items. As staff have been unable to comply with your requested action, your Appeal/Complaint is denied. Should you be dissatisfied with this appeal decision, you may, by following the instructions listed on your Inmate Appeal Form (CDC 602), request a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

**APPEAL: DENIED**                              **REVIEWED AND APPROVED**

**B.G. DIEBALL**                                **D. CAREY**
**Correctional Sergeant**                       **Associate Warden**
**ASU Annex Overflow 1st Floor Sergeant**       **Program Services**
**California Men's Colony**                      **California Men's Colony**

cc: C-File, Appeals File

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:    April 24, 2007

To:      MARTIN, Elbert
         T-28520 VWL 43-L
         California Correctional Institution

Subject:  SECOND LEVEL APPEAL RESPONSE LOG NUMBER-CMC-E-07-00214

### ISSUE:

The appellant contends that on December 13, 2006, he was transported from CMC East
Facility to an outside hospital for a medical procedure, and that upon his return to the
Institution, he learned that CMC ASU staff had misplaced the legal paperwork that he had
left in his Administrative Segregation cell. The appellant states that prior to being
transported he was told to leave the legal paperwork in his assigned cell and assured that
this paperwork would be forwarded to his stored property in Receiving and Release if
after three days he was unable to return to CMC. The appellant also states that prior to
his return to CMC he was removed from Administrative Segregation status and that when
he did return he was he was rehoused in A-Quad. The appellant further states that when
he received his property from Receiving and Release he noticed that the legal paperwork
that he had left in his cell was missing. The appellant claims that he submitted an Inmate
Request for Interview form in an attempt to locate the missing paperwork, and when he
received no response, he submitted this appeal. The action requested by the appellant to
remedy this situation is for all of the missing legal papers to be returned to him so that
they can be submitted to the courts in a timely manner.

**INTERVIEWED BY:**        K.T. Smith, Correctional Lieutenant

**REGULATIONS:**    The rules governing this issue are:

                    CCR 3190 *"Personal Property-General Policy"*
                    CCR 3193 *"Liability"*
                    CMC Operational Plan #12 *"ASU Procedures"*
                    CMC DOM Supplement section 54030.10.2 *"Inmate Property"*

### SUMMARY OF INVESTIGATION:

ASU Annex Sergeant, B. Dieball, addressed the First Level of Review (FLR). In this
response, Sgt. Dieball denied this appeal as despite the best efforts of staff, he was unable
to locate the missing paperwork. The efforts undertaken to locate this paperwork

Inmate MARTIN, E. (T-28520)
Case No. CMC-07-00214
Page 2

included a thorough search of Administrative Segregation, a through search of Receiving
and Release at CMC East, and interviews with ASU staff.

The appellant indicates that he is dissatisfied with the first level response to this appeal
because staff failed to locate the missing property and also due to CMC Staff's
"...*cavalier attitude to their contractual and ethical responsibilities*".

Correctional Lieutenant K.T. Smith was assigned to investigate this appeal at the Second
Level of Review. The submitted claim and all supporting documents received a thorough
examination and evaluation in accordance with California Men's Colony (CMC)
Operational Procedures (OP); the California Code of Regulations (CCR); and the
Departmental Operations Manual (DOM) and the arguments contained in this claim have
been considered.

On April 16, 2007, Lt. Smith conducted an interview of the appellant in regards to his
claims. During this interview the appellant reiterated that which is documented in the
appeal. The appellant indicated that he learned his legal paperwork was missing when he
returned from an outside hospital. The appellant stated that he understood that staff had
made several attempts to find the missing legal paperwork and that, while he appreciated
these attempts, he wished to pursue this matter further with the hope of obtaining
monetary compensation. When asked if this legal paperwork contained any pending court
cases, the appellant stated "no". The appellant also indicated the nature of the legal
paperwork was such that replacement would not be possible and admitted that he could
not attribute a monetary value to the missing legal paperwork.

Taking the above-mentioned facts into consideration, the appellant's appeal is DENIED.
As noted in the First Level response, CMC ASU and Receiving and Release staff made a
significant effort to find the missing legal paperwork, however they were unsuccessful. It
is further noted that during the interview the appellant stated that this legal paperwork
could not be replaced, while admitting that it was not related to any pending court cases,
and had no monetary value.

**DECISION**: The appeal is DENIED.

The appellant is advised that this issue may be submitted for a Director's Level of Review
if desired.

D. Carey
AW-PS
California Men's Colony

John Marshall
Warden
California Men's Colony

ATTACHED SHEET PAGE 1              INMATE /PAROLEE APPEAL FORM

DATE/ MAY −28−2007    DIRECTOR'sLEVEL                    LOG NO. 07−00214− PROPERTY

DISSATISFIED; AT THIS TIME INMATE IS REQUESTING A DIRECTORS REVIEW ON THE APPEAL OF
(LOST PROPERTY) (LEGAL WORK). THE ATTACHED EXHIBITS WILL SHOW THAT ASU STAFF DID IN FACT
FAILED TO APPROPIATELY PROCESS INMATE PROPERTY, AS SGT B.G. DIEBALL DID NOTE IN MEMORANDUM, DATED
FEBRUARY 1−3−2007, AND THAT THOSE PARTIES INVOLED HAVE ACCEPTED RESPONSIBILITY FOR THE
DAMAGED OR LOST PROPERTY (PAR: 4 of page−2_ PER CCR 3193−LIABILITY. AFTER A TELEPHONE
INTERVIEW WITH LT. SMITH, LT SMITH CONTENDS INMATE STATED IN ( PAR−4 page−2_ OF
MEMORANDUM DATED APRIL 24,2007 THAT THE APPELLANT ADMITTED THAT HE COULD NOT ATTRIBUTE A
MONETARY VALUE TO THE MISSING LEGAL PAPERWORK, THIS IS VERY TRUE AS TO THE FACT THAT ONE
CAN NOT PUT A PRUE ON HIS OR HERS FREEDOM, AND THAT IT IS FOR THE COUNTS TO DECIDED IF THE
MATTER CAN NOT BE HANDLED AT THE ADMINISTRATIVE LEVEL. THEN LT. SMITH CONTENDS IN (PAR −5
of same page) APPELLANT STATES PROPERTY HAD NO MONETARY VALUE. WHICH AGAIN IS FOR THE
PROPER COURTS TO DECIDED. INMATE IS ALSO DISSATISFIED WITH THE TIME FRAME IN WHICH IT
TOOK THE SECOND LEVEL APPEAL TO BE RETUNED TO INMATE (SECOND LEVEL APPEAL) WAS SENT OUT
(4−01−2007) ( SEE ATTACHED ENVOLOPE) WAS REC.D AT CMC AND ASSIGNED ON 4−06−2007,
LT. SMITH INTERVIEW WAS ON 4−16−2007, 602 WAS COMPLETED ON 4−16−2007, BUT WAS NOT RETURNED
TO INMATE UNTIL 5−18−2007 )22 DAYS LATER, ONCE AGAIN PROVING AS INMATE STATED IN
(MEMORANDUM DATED APRIL −24−2007, PAGE 2,PAR −2) THAT CMC STAFF SHOWS A CAVALIER ATTITUDE
TO THEIR CONTRACTUAL AND ETHICAL RESPONSIBILITIES. APPEALS COORDINATOR HAS FAILED IN KEEPING
IN COMPLAINCE WITH (15CCR§ 3084.6 (b)(3) WHICH IS DELAYING INMATE IN PROCEEDING IN A TIMELY
MANNER SO THAT INMATE MAY SEEK RELIEF AT THE (DIRECTORS LEVEL), EXHAUSTING ADMINISTRATIVE
REMEDIES, SO THAT INMATE MAY KEEP IN COMPLAINCE WITH GOVERNMENT CODE § 911.4, OF MEETING
THE SIX MONTH TIME LIMIT TO FILE WITH THE STATE BOAD OF CONTROL.

Date Submitted 5·28·07

Signature Elbert J Martin

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:  SEP 0 4 2007

In re:    Martin, T-28520
California Correctional Institution
P.O. Box 1031
Tehachapi, CA 93581

IAB Case No.: 0616114          Local Log No.: CMC 07-00214

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner S. Wright, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that on December 13, 2006, he was transported from California Men's Colony (CMC) to an outside hospital for a medical procedure. The appellant contends that upon his return to the institution, he learned that CMC Administrative Segregation Unit (ASU) staff had misplaced the legal paperwork that he had left in his cell. The appellant contends that prior to being transported he was told to leave the legal paperwork in his assigned cell and assured that this paperwork would be forwarded to his stored property in Receiving & Release (R&R) if after three days he was unable to return to CMC. The appellant also contends that prior to his return to CMC he was removed from the ASU and that when he did return he was re-housed in "A" Quad. The appellant contends that when he received his property from R&R he noticed that the legal paperwork that he had left in his cell was missing. The appellant stated that he submitted an Inmate Request for Interview form in an attempt to locate the missing paperwork, and when he received no response, he submitted an appeal. The appellant requests that his missing paper work be returned to him so that they can be submitted to the courts in a timely manner.

**II    SECOND LEVEL'S DECISION:** The reviewer found that despite the best efforts of R&R Correctional Sergeant B. Dieball, staff was unable to locate the appellant's missing paperwork at the First Level of Review. The efforts undertaken to locate this paperwork included a thorough search of the ASU, a through search of R&R at CMC East, and interviews with ASU staff. At the Second Level of Review (SLR) the appellant stated that he understood that staff had made several attempts to find the missing legal paperwork and that, while he appreciated these attempts, he wished to pursue this matter further with the hope of obtaining monetary compensation. When asked if his legal paperwork contained any pending court cases, the appellant stated "no." The appellant also indicated the nature of the legal paperwork was such that replacement would not be possible and admitted that he could not attribute a monetary value to the missing legal paperwork. The appellant's appeal was denied at the SLR.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is granted in part.

**A.    FINDINGS:** The rules governing this issue are California Code of Regulations, Title 15, Section (CCR) 3160(a) Inmate Access to the Courts. Inmate access to the courts shall not be obstructed. A review of the circumstances surrounding the appellant's missing property indicates that staff failed to appropriately process the appellant's legal paperwork from ASU back into his stored property in R&R. The examiner found that the institution and R&R staff made a significant effort to find the appellant's missing legal paperwork; however, during their attempts to locate the missing legal paperwork and their interview with the appellant; they did not require the appellant to provide specific information on the court documents he was missing or the legal material from which he derived his legal notes from. If after interviewing the appellant he can establish that he does know the specific court/case and provide details (such as divorce papers) of the legal paperwork in his possession at the time his property was left in the cell; the institution shall be required to pay for any required copies of case material.

**B.    BASIS FOR THE DECISION:**
CCR: 3190, 3191, 3193, 3391

MARTIN, T-28520
CASE NO. 0616114
PAGE 2

**C. ORDER:** The CMC shall re-interview the appellant in order for him to identify the specific court/case(s), legal correspondence and material used to produce his legal notes in order for the appellant to submit missing documents to the courts in a timely manner. The appellant shall be required to specifically identify any legal documents, specific dates of the documents or cases, along with specific courts and cases from which the documents originated from. From the appellant's list of lost legal work the appellant should then be able to recover or recreate most of the missing legal work. In addition, the institution shall make an attempt to contact the appellant's attorney for copies of only the specified documents/legal correspondence in an attempt to recover the appellant's original paperwork. The institution shall be required to pay for any required copies of court cases or copies of correspondence from his attorney. If the appellant is unable to provide the specific information required for recovery of the missing legal work, this will be considered lack of cooperation and shall result in cancellation of the appeal.

This issue was discussed with the office of Chief Deputy Warden.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CCI
        Appeals Coordinator, CCI
        Appeals Coordinator, CMC

CALIFORNIA CORRECTIONAL INSTITUTION
STATE PRISON - UNIT-1 BRiggs HAll - BED 32-LOW
P.O. BOX 107
TEHACHAPi, CA 93581


TO: INMATE APPEALS BRANCH
Subject: DiRecToR's Level Appeal Decision/N. GRANNis, CHief
RE: ELbeRT THomas MARTIN - Legal Property
IAB CASE NO: 0616114
Logal Log No: CMC-07-00214


THE DiRecToR OF Appeals ConTENTs THAT THE Appellant did NoT
SPEcify which documents, legal MATeRiAl, AND/OR Legal NoTEs
APPellANT Is missing, AND THAT THE Appellant NEEDs To IdenTiFy
THE specific CouRT/CASES(s), (LEgAl CoRRESponDENCE AND mATeRiAl
So THAT THE InsTiTuTion (CMC) may be Able To RECoveR OR RECREATE
mosT of THE missing Legal woRK, IN ADDiTion To ConTACTing
AppellANT's ATToRNey FoR Copies of oNly THE specifieD DocumENTs/
Legal CoRRESponDENCE. AND THAT LACK of CooperATion ON THE AppellANT's
pART, sHAll ResulT IN CanCellATion of THE AppEAl.


THE AppellANT AT THis Time would like To NoTify THE CHief Appeals
OFficeR / N. GRANNis, THAT:


1 - THE Appellant musT EmpHAsize THAT All LEgAl NoTES, DocumENTS,
mATeRiAl, AND CoRRESponDENCE IS of THE NATURE of (PRo PeR)(PRo SE),
'ND NoT THAT of AN ATToRNey AS wAS STATED AT THE DiRecToR's Level:

1 THE AppellANT ConTENTs HE CAN Co-opeRATE wiTH THE INmATE AppeAls
'ANCH By giving AppRoximATE DATES, woATCH/SHiFT, AND A DescRipTion
: SAiD pARTiES IN THE Hopes THAT THE NoTES, DocumENTs,
qTeRiAl, AND CoRRESponDENCE CAN BE RETuRNED To AppellANT, So
qT AppellANT mAy ADDREss THE CouRTs IN A Timely MANNER.

CONT

(3) THE APPELLANT AT THIS Time Is Requesting THE NAMES OF JOHN DOE # 3, 4, AND 5.

(4) THE APPELLANT IS ALSO Requesting A COPY OF THE (MINOR AND/OR SERIOUS) INCIDENT REPORT THAT WAS FILED ON OR ABOUT DEC, 1, 2, or 3, OF 2006

5) ON DEC, 1, 2, OR 3, OF 2006, THE APPELLANT WAS HOUSED IN CELL # 4262, CMC - ADMINISTRATIVE SEGREGATION UNIT (ASU)

(6) JOHN DOE #3, Is A CORRECTIONAL OFFICER, WHO WAS ON (THIRD WATCH) HIS RACE IS (CAUCASIAN), APPROXIMATELY 5'7" TO 5'8" IN HEIGHT, HE SERVED DINNER ON OR ABOUT SAID DATES.

(7) JOHN DOE #4, IS A CORRECTIONAL OFFICER, WHO WAS ON (THIRD WATCH) HIS RACE IS (CAUCASIAN), APPROXIMATELY 5'7" TO 5'8" IN HEIGHT, HE ALSO SERVED DINNER WITH JOHN DOE #3. ON OR ABOUT SAID DATES.

8) JOHN DOE #5 IS A CORRECTIONAL SERGEANT, WHO WAS ON (THIRD WATCH) HIS RACE IS (CAUCASIAN), APPROXIMATELY 5'8" TO 5'9" IN HEIGHT.

9) INCIDENT AND COMPLAINT FORM WAS FILLED OUT AND GIVEN TO JOHN DOE #5, AS TO THE ALLEGATIONS AGAINST JOHN DOE #3 AND #4.

THE APPELLANT STATES THE FORGOING TO BE TRUE,

DATED: Sept-17-2007      Elbert J. Martin   T-28520

EXHIBIT Y

OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**
CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| CCI - 1 | | 18. ADA |
| | | Medical |

*NOTE:* THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| ELBERT THOMAS MARTIN | T-28520 | MEC-V.002 | 0740-1140 | VWL-43-L |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the Institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

CHRONIC BACK AND SPASMS PAIN, LEG PAIN, INTENSE PAIN IN SECOND TOE ON LEFT

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

(BACK SURGERY) WAS DONE ON (12-13-06) AT SIERRA VISTA HOSP.

DESCRIBE THE PROBLEM: WAS TAKEN OFF OF (GENERIC - GABAPENTIN) (BRAND - NEURONTIN) 800mg PILL, ALSO TO THIS DAY HAVE NOT HAD A FOLLOW-UP BY DOCTOR THAT DID THE SURGERY, ALSO ONE CMO OVERRIDES ANOTHER, WHO HAD ME ON MEDS TILL 7-18-07, (SEE ATTACH' EXHIBIT-A

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

TO CONTINUE ON GABAPENTIN - 800mg UNTIL I HAVE SURGERY AGAIN

Elbert T. Martin
INMATE/PAROLEE'S SIGNATURE

3/20/2007
DATE SIGNED

```
                    *** PATIENT PROFILE ***
            Includes Current Prescriptions as of 01/31/2007

*****************************************************************************
T-28520  MARTIN, ELBERT                         CURRENT UNIT: A11-1156X
ALLERGIES:                    DOB:   /  /     HT:   ft  in    WT:   0
===========================================================================
START      Rx/Qty  DRUG                       PHYSICIAN          STOP
===========================================================================
12/19/2006 339065  ALBUTEROL INHALER 17GM        BOLLAY, MD     03/19/2007
GS             1   INHALE 2 PUFFS 4 TIMES A DAY IF NEEDED(SHAKE WELL) A11-1156X
---------------------------------------------------------------------------
01/17/2007 339062  HYDROCHLOROTHIAZIDE 25MG      BOLLAY, MD     03/18/2007
GS            15   TAKE 1 TABLET DAILY IN THE MORNING.          A11-1156X
---------------------------------------------------------------------------
01/17/2007 340022  ATORVASTATIN 10MG TAB         GALLAGHER      07/18/2007
JB            15   TAKE 1 TABLET DAILY                          A11-1156X
---------------------------------------------------------------------------
01/17/2007 340024  AMLODIPINE 5MG TAB            GALLAGHER      07/17/2007
JB            30   TAKE 2 TABLETS DAILY                         A11-1156X
---------------------------------------------------------------------------
01/19/2007 340023  ENALAPRIL 10MG        UD      GALLAGHER      07/18/2007
JB            60   TAKE 2 TABLETS TWICE A DAY.                  A11-1156X
---------------------------------------------------------------------------
01/30/2007 342799  GABAPENTIN 800MG *NFA*        GALLAGHER      07/18/2007
SW            45   TAKE 1 TABLET 3 TIMES A DAY                  A11-1156X
---------------------------------------------------------------------------
```

*for Back, after Surgery*

EXHIBIT - K

2007 MAR 27 PM 5:22
CCI - TEHACHAPI
APPEALS OFFICE

```
===========================================================================
GE 1              ***** END OF PROFILE *****         PRINTED: 01/31/2007
```

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level

*March 27, 2007*

**MARTIN, T28520**
*MIVWL 000000043L*

Log Number: CCI-0-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Your appeal issue and reasonable accommodation request must be filed on a CDC Form 1824. Please resubmit on a CDC Form 1824, Reasonable Modification or Accommodation Request.*

Appeals Coordinator
California Correctional Institution

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

3-30-2007



TO: APPEALS COORDINATOR- MRS K. SAMPSON

SUBJECT:  CDC1824   MEDICAL

RE: SCREENING AT THE INFORMAL LEVEL  DATED: MARCH 27,2007


IN YOUR STATE OF CALIFORNIA CDC FORM 695, SCREENING FOR

CDC 602 INMATE; PAROLEE APPEALS AND CDC 1824 REASONABLE MODIFICATION

OR ACCOMMODATION REQUEST.  YOU ASK THE INMATE TO RESUBMIT ON A CDC FORM

1824, REASONABLE MODIFICATION OR ACCOMMODATION REQUEST.

( IT **MAY BE A SLIGHT OVERSIGHT ON YOUR** PART)

BUT! THE YELLOW FORM THAT IS ATTACHED IS A CDC 1824 REASONABLE MODIFCATION

OR ACCOMMODATION REQUEST. AT THIS TIME I AM RESUBUBMITTING THIS CDC 1824 FORM

NOTE: WITH THIS MIS-UNDERSTANDING OF CDC FORMS, THE ISSUE OF RESPONSE

IS  NOW  10-days BEHIND.      THANK YOU FOR YOUR TIME IN THIS MATTER.


cc;APPEALS COORDINATOR CALIFORNIA CORRECTIONAL INSTITUTION - K.SAMPSON

cc;UNITED STATES ATTORNEY GENARAL


DATED;MARCH-30-2007                    ELBERT THOMAS MARTIN  t-28520

                                       Elbert J. Martin

State of California
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level

*April 3, 2007*

***MARTIN, T28520***
*MIVWL 000000043L*

Log Number: CCI-0-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Your appeal issue or reasonable accommodation requested do not meet the criteria to be filed on a CDC Form 1824. Please resubmit on a CDC Form 602, Inmate/Parolee Appeal Form.*

*You are correct, the CDC 695 dated 3-27-07 is in error. Your request for a specific pain medication for pain management is not a request for a reasonable accommodation or modification and must be filed on a CDC 602.*

Appeals Coordinator
California Correctional Institution

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. _CCI - O_

Log No.
1. _67-1106_

Category
_Medical_
_MEO. carton_

2. _____

2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| _ELBERT MARTIN_ | _T-28520_ | _MEC-V.002 VOC.AUTO_ | _VWL-43-1_ |

A. Describe Problem _I WAS TAKEN OFF PAIN MEDICATION (GABAPENTIN · 800mg)_
_By CMO, AT CCI-1, I AM HAVING CHRONIC BACK PAIN, AND_
_SPASMS. STILL HAVING PAIN FROM (BACK SURGERY) DONE ON_
_12-13-06._

If you need more space, attach one additional sheet.

B. Action Requested: _TO BE ALLOWED TO CONTINUE TAKING (GABAPENTIN -_
_800 mg) UNTIL 07-18-07 (SEE EXHIBIT-A) = (PATIENT PROFILE SHEET)._

Inmate/Parolee Signature: _Elbert J. Martin_          Date Submitted: _04/05/07_

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

APR 2 4 2007

CCI MEDICAL APPEALS

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____          Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim
CDC Appeal Number: _____

## INMATE APPEAL ASSIGNMENT NOTICE

To: INMATE MARTIN, T28520
Current Housing: MTVWL-000000043L

Date: April 20, 2007

From: INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER: CCI-0-07-01106

ASSIGNED STAFF REVIEWER: MED APPEALS COR
APPEAL ISSUE: MEDICAL
DUE DATE: 05/18/2007

Inmate MARTIN, this acts as a notice to you that your appeal has been sent to the above
staff for FIRST level response. If you have any questions, contact the above staff
member. If dissatisfied, you have 15 days from the receipt of the response to forward
your appeal for SECOND level review.


K. Sampson
Appeals Coordinator
California Correctional Institution

**INMATE/PAROLEE APPEAL FORM**

CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | _____ |
| 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME ELBERT THOMAS MARTIN | NUMBER T-28520 | ASSIGNMENT .002 VOC AUTO | UNIT/ROOM NUMBER DH-14 |
|---|---|---|---|

A. Describe Problem: _____ SHOW DOCTOR ON MAY 8-2007 , ISSUE  602 APPEAL LOG NO.CCI-O-07-01106

FOR INFORMAL LEVEL SCREENING DATED APRIL .24 2007 SEE ATTACHED FORM, AT THIS TIME

INMATE HAS NOT REC.D 602 APPEAL FORM BACK, SO THAT INMATE MAY SUBMITT AT FORMAL LEVEL.

KEEPING IN ACCORDANCE WITH (15 CCR § 3084.6 (b)(1).

· · SEE ATTACHED EXHIBITS-CDC FORM 695 (SCREENING) INMATE PRIORITY PASS, AND 602

INMATE /PAROLEE APPEAL FORM ,SUBMITTED.·

If you need more space, attach one additional sheet.

B. Action Requested: _____ PLEASE RETURN  602 THAT WAS SUBMITTED ON 4-05-2007,(SEE ATTACHED FORM.)

Inmate/Parolee Signature: _____ Date Submitted: MAY -28-2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____ Date Returned to Inmate: _____

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____ Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

# Memorandum

**Date:** June 19, 2007

**To:** Inmate:   Elbert, Martin          CDCR #:   T28520

**Subject:** **APPEAL LOG # CCI-07-01106**
**FIRST LEVEL RESPONSE-MEDICAL DEPARTMENT**

**DESCRIPTION OF PROBLEM:** Refer to the original CDC 602.

**ACTION REQUESTED:** Refer to the original CDC 602.  The issue regarding having pain medication reinstated is to be addressed in this appeal.

☐ **GRANTED**   ☒ **P. GRANTED**   ☐ **DENIED**   ☐ **OTHER:**

**E. REVIEWER'S ACTION**

**Interviewed by:** Dr. Garikaparthi, Staff Physician on May 08, 2007.  Based upon the examination, and policies and procedures, the following decisions were rendered.  It was found that the patient was status post back surgery in December 2006.  The inmate was initially examined by Dr. Afra, Staff Physician, and was placed on a regimen of muscle relaxants and pain medications in the form of Hydrochlorothiazide 25 mg. and Gabapentin 800 mg.  It is further noted that the patient needs a magnetic resonance imaging (MRI), and a post-surgical request for services to follow-up with a neurosurgeon depending on M.R.I. results.  The inmate also needs a request for services to follow-up with an urologist. The physicians will determine what treatment is medically necessary.  .

**Reference:**  Title 15 3350.  Provision of Medical Care and Definitions.  Title 15 3350.1. Medical Treatment/Service Exclusions.  Title 15 3352.  Medical Authorization Review (MAR) Committee.  Utilization Management Committee (UMC).  Title 15 3352.1.  Health Care Review (HRC) Committee.  Title 15 3354.  Health Care Responsibilities and Limitations.  Title 15 3358.  Artificial Appliances.  **Title 15 3270.  General Policy.  Title 15 3271.  Responsibility of employees.**

**DR. GARIKAPARTHI, STAFF PHYSICIAN**
California Correctional Institution

6-21-07
_Date_

# Memorandum

Date:       June 19, 2007

To:         Inmate:   Martin, Elbert          CDCR #:   T28520

Subject:    **APPEAL LOG # CCI-07-01106**
            **FIRST LEVEL RESPONSE-MEDICAL DEPARTMENT**

**DESCRIPTION OF PROBLEM:** Refer to the original CDC 602.

**ACTION REQUESTED:** Refer to the original CDC 602. The issue regarding having pain medication reinstated is to be addressed in this appeal.

☐ **GRANTED**   ☒ **P. GRANTED**   ☐ **DENIED**   ☐ **OTHER:**

**E. REVIEWER'S ACTION**

**Interviewed by:** Dr. Garikaparthi, Staff Physician on May 08, 2007. Based upon the examination, and policies and procedures, the following decisions were rendered. It was found that the patient was status post back surgery in December 2006. The inmate was initially examined by Dr. Afra, Staff Physician, and was placed on a regimen of muscle relaxants and pain medications in the form of Hydrochlorothiazide 25 mg. and Gabapentin 800 mg. It is further noted that the patient needs a magnetic resonance imaging (MRI), and a post-surgical request for services to follow-up with a neurosurgeon depending on M.R.I. results. The inmate also needs a request for services to follow-up with an urologist. The physicians will determine what treatment is medically necessary. .

**Reference:** Title 15 3350. Provision of Medical Care and Definitions. Title 15 3350.1. Medical Treatment/Service Exclusions. Title 15 3352. Medical Authorization Review (MAR) Committee. Utilization Management Committee (UMC). Title 15 3352.1. Health Care Review (HRC) Committee. Title 15 3354. Health Care Responsibilities and Limitations. Title 15 3358. Artificial Appliances. **Title 15 3270. General Policy. Title 15 3271. Responsibility of employees.**

**DR. GARIKAPARTHI, STAFF**
**PHYSICIAN**
California Correctional Institution

07-23-07
Date

# EXHIBIT Z

**KERN RADIOLOGY MEDICAL GROUP, INC.**
2301 Bahamas Drive
Bakersfield, CA 93309
(661) 326-9600

## CCI TEHACHAPI STATE PRISON
FAX# 823-5018 OR 823-3328

PATIENT: MARTIN, ELBERT              DOB:              CDC# T28520
HOUSING: I

INTERPRETATION OF OUTSIDE FILMS: LUMBAR SPINE, 3 VIEWS: 02/23/2007

There is a first degree spondylolisthesis of L5 on S1 with disc space narrowing. Vertebral bodies are preserved in stature. The remainder of the disc spaces are normal. Posterior elements are grossly intact. Sacroiliac joints are normal.

### IMPRESSION:
First degree spondylosis of L5 on S1 with disc space narrowing at L5-S1. No other abnormalities.

Howard E. Leventhal, M.D.          D: 03/05/2007 T: 03/06/2007/lmj

Referring Physician: YIN, M.D.

CDC-7214 (9/77)

$C.C. \mathbb{J} - level \; I$

DEPARTMENT OF CORRECTIONS                                    STATE OF CALIFORNIA
**REQUEST FOR X-RAY**

| NAME | NUMBER | HOUSING | SEX | HEIGHT | WEIGHT |
|------|--------|---------|-----|--------|--------|
| MARTIN, ELBERT | T28520 | MIVWL | LEVEL I | | |

CHECK APPROPRIATE BOX
ROUTINE                    ☐ STAT
VS REQUIRED   L-Spine                              TECH      FILMS    EXP.

PHYSICIAN                                          DATE   2/23/07



**DEPARTMENT OF VETERANS AFFAIRS**
Los Angeles Regional Office
11000 Wilshire Boulevard
Los Angeles CA 90024

August 5, 2002

Elbert T Martin,
2625 Hudspeth St
Inglewood CA 90303-2434

In Reply Refer To: 344/215
Claim Number: 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
SSN:

To Whom It May Concern:

The records of the Department of Veterans Affairs show that Elbert T Martin served in the Armed Forces of the United States as follows:

| BRANCH OF SERVICE: | AIR FORCE |
|---|---|
| ENTERED ON ACTIVE DUTY: | 06-23-1975 |
| RELEASED FROM ACTIVE DUTY: | 07-24-1978 |
| CHARACTER OF DISCHARGE (Certified to VA by the military or shown on official military documents): | UNDER HONORABLE CONDITION |
| SERVICE SERIAL NO: | |
| RANK AND ORGANIZATION: | E-2 |
| DATE OF BIRTH: | 05-07-1955 |

Sincerely yours,

*Larry Gervase*

LARRY GERVASE
Veterans Service Center Manager

Enclosure:

cc:

Plaintiff's Name: **Elbert Thomas Martin**
CDC No: **T-28520**
Address: **California Correctional Institution**
**P.O. Box 107, Tehachapi, CA 93581**

**FILED**

NOV 2 1 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **Elbert Thomas Martin**        Plaintiff, | APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER |
| vs. | |
| **John Doe #1, Med. Tech.**    Defendant(s). **Asst., et. al.,** | CASE NUMBER: **1:07-CV-01661-AWI-WMW-R** |

I, **Elbert Thomas Martin**, declare that I am the plaintiff in the above-entitled proceeding; that, in support of my request to proceed without prepayment of fees under 28 U.S.C. section 1915, I declare that I am unable to pay the fees for these proceedings or give security therefor and that I am entitled to the relief sought in the complaint.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?  **X** Yes    __ No  (If "no" **DO NOT USE THIS FORM**)

If "yes" state the place of your incarceration. **California Correctional Institution**

**Have the institution fill out the Certificate portion of this application and attach a certified copy of your prison trust account statement showing transactions for the past six months.**

2. Are you currently employed (includes prison employment)?  __ Yes     **X** No

    a.  If the answer is "yes" state the amount of your pay. _____

    b.  If the answer is "no" state the date of your last employment, the amount of your take-home salary or wages and pay period, and the name and address of your last employer.

3. Have you received any money from the following sources over the last twelve months?

    a.  Business, profession, or other self-employment:   __ Yes    **X** No

    b.  Rent payments, interest or dividends:   __ Yes    **X** No

    c.  Pensions, annuities or life insurance payments:   __ Yes    **X** No

    d.  Disability or workers compensation payments:   __ Yes    **X** No

1

e..   Gifts or inheritances:                  ___ Yes    **X** No

f.  ,   Any other sources:                 ___ Yes    **X** No

       If the answer to any of the above is "yes," describe by that item each source of money. Also state the amount received and what you expect you will continue to receive. Please attach an additional sheet if necessary.

4. Do you have cash (includes balance of checking or savings accounts)? ___ Yes **X** No

       If "yes" state the total amount: _____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or other valuable property?                             ___ Yes   **X** No

       If "yes" describe the property and state its value: _____

6. Do you have any other assets?                        ___ Yes    **X** No

       If "yes," list the asset(s) and state the value of each asset listed:

7. List all persons dependent on you for support, stating your relationship to each person listed and how much you contribute to their support.

       I hereby authorize the agency having custody of me to collect from my trust account and forward to the Clerk of the United States District Court payments in accordance with 28 U.S.C. section 1915(b)(2).

_11-15-2007_
     DATE

Ce Clent S. Martin
      SIGNATURE OF APPLICANT

**CERTIFICATE**

(To be completed by the institution of incarceration)

       I certify that the applicant named herein has the sum of $ ___0___ on account to his/her credit at _OCI Tehachap_ (name of institution). I further certify that during the past six months, the applicant's average monthly balance was $ _12.50_. I further certify that during the past six months, the average of monthly deposits to the applicant's account was $ _29.17_.

**(Please attach a certified copy of the applicant's trust account statement showing transactions for the past six months).**

_11/16/07_
    DATE

Della V Mude    Acct Tech
    SIGNATURE OF AUTHORIZED OFFICER

(Revised 6/01/04)

2

REPORT ID: TS3030    .701

REPORT DATE: 11/16/07
PAGE NO:

CALIFORNIA DEPARTMENT OF CORRECTIONS
CALIF CORRECTIONAL INSTITUTION
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: MAY 01, 2007 THRU NOV. 16, 2007

ACCOUNT NUMBER : T28520                    BED/CELL NUMBER: MIBH0000000032L
ACCOUNT NAME : MARTIN, ELBERT THOMAS        ACCOUNT TYPE: I
PRIVILEGE GROUP: A

TRUST ACCOUNT ACTIVITY

| DATE | TRAN CODE | DESCRIPTION | COMMENT | CHECK NUM | DEPOSITS | WITHDRAWALS | BALANCE |
|------|-----------|-------------|---------|-----------|----------|-------------|---------|
| 05/01/2007 | | BEGINNING BALANCE | | | | | 3.66 |
| 05/01 | W512 | LEGAL POSTAGE | 5629LEGPOS | | | 0.60 | 3.06 |
| 05/03 | W516 | LEGAL COPY CH | 5684LEGCOP | | | 3.06 | 0.00 |
| 05/04 | D340 | EFT DEPOSIT | 5690JPAY | | 50.00 | | 50.00 |
| 05/08 | FC01 | DRAW-FAC 1 | 1-1-5713 | | | 50.00 | 0.00 |
| 09/05 | D342 | EFT DEPOSIT | 150JPAY | | 50.00 | | 50.00 |
| 09/07 | W512 | LEGAL POSTAGE | 1594LEGPOS | | | 0.40 | 49.60 |
| 09/10 | FC01 | DRAW-FAC 1 | 1-1-1600 | | | 19.76 | 29.84 |
| 09/21 | W536 | COPAY CHARGE | 1984COPAY | | | 5.00 | 24.84 |
| 09/21 | W515 | COPY CHARGE | 1983COPIES | | | 1.80 | 23.04 |
| 09/21 | W515 | COPY CHARGE | 1983COPIES | | | 0.60 | 22.44 |
| 09/21 | W532 | DAMAGES PER | 1982CLOTHE | | | 22.44 | 0.00 |
| 09/25 | D340 | EFT DEPOSIT | 2071JPAY | | 75.00 | | 75.00 |
| 10/03 | W516 | LEGAL COPY CH | 2261LEGCOP | | | 3.60 | 71.40 |
| 10/03 | W516 | LEGAL COPY CH | 2261LEGCOP | | | 3.60 | 67.80 |
| 10/09 | *FC01 | DRAW-FAC 1 | 1-1-2370 | | | 67.80 | 0.00 |

TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|-------------------|----------------|-------------------|-----------------|---------------|---------------------------|
| 3.66 | 175.00 | 178.66 | 0.00 | 0.00 | 0.00 |

| CURRENT AVAILABLE BALANCE |
|---------------------------|
| 0.00 |

THE WITHIN INSTRUMENT IS A CORRECT
COPY OF THE TRUST ACCOUNT MAINTAINED
BY THIS OFFICE.
ATTEST: 11-16-07
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY _____
TRUST OFFICE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

Sacramento Clerk's Office                              Fresno Clerk's Office
501 "I" Street , Suite 4–200                    2500 Tulare Street , Suite 1501
Sacramento, CA 95814                                   Fresno, CA 93721
916–930–4000                                           559–499–5600

### December 17, 2007


**Case Number:  1:07–CV–01661–AWI–WMW**


**Case Title:    ELBERT THOMAS MARTIN,        vs.  M ROCHE, ET AL.,**


**Dear Litigant,**

   You are hereby notified that the above case number has been assigned to your
action.   You are to include it on all correspondence (e.g., letters, filings, and inquiries)
sent to the court. Failure to do so results in delayed processing of your documents.

         **All matters in this action shall be sent to the following address until further notice:**

### Office of the Clerk
### United States District Court
### Eastern District of California
### 2500 Tulare Street , Suite 1501
### Fresno, CA 93721

   For timely processing of your filings or correspondence, please comply with our
Local Rules of Court, in particular:

   **Local Rule 5–133 (modified)** You are <u>not</u> required to send this court an original plus one copy of all
documents submitted for filing (e.g., pleadings, motions, correspondence, etc.).   You are <u>only</u>
required to send this court the original for filing.  <u>No</u> extra copies are required.  **However**, if you
desire to receive a conformed copy for your records, you must send the original <u>plus</u> one (1) copy <u>and</u>
a pre–addressed postage–paid envelope for us to return your copy to you.

   **Local Rules 30–250, 33–250, 34–250 and 36–250** Discovery requests or responses
should not be submitted to the court unless they are relevant and necessary to support or
oppose a motion at issue before the court.

   **Local Rule 5–135** Once the defendant(s) have served a responsive pleading, you are
under an ongoing duty to serve them with copies of all documents you submitted to the court.
A proof of service shall be attached to the original of any document lodged or filed with the
court, showing the date, manner and place of service.  A sample proof of service is
attached.

**Local Rule 7–130 (modified)** Documents submitted to this court may be either typewritten <u>or</u> handwritten but <u>must</u> be legible, and writing shall be on one (1) side of the page <u>only</u>.

**Local Rule 7–132** Every document submitted to the court must include your name, address and prisoner identification number in the upper left hand corner of the first page.

**Local Rules 83–182** Each party appearing in propria persona is under a continuing duty to notify the Clerk and all other parties of any change of address by filing separate notice; absent such notice, service at prior address shall be fully effective. A sample Notice of Change of Address form is attached.

**Other Provisions:**
A complete copy of the Local Rules should be available in the prison library.   We do not provide individual copies to litigants.

**Request for Case Status** The court will notify you as soon as any action is taken in your case.   Due to the large number of civil actions pending before the court, THE CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRES REGARDING THE STATUS OF YOUR CASE. As long as you keep the court apprised of your current address, you will receive <u>all</u> court decisions which might affect the status of your case.

**Copy Work** The Clerk's Office does not provide copies of documents to parties. Copies of documents may be obtained from the Attorney's Diversified Service (ADS) by writing to them at: 741 N. Fulton Street, Fresno CA 93728, or by phoning 800–842–2695. The court will provide copies of docket sheets at $0.50 per page.   Note: In Forma Pauperis status does not include the cost of copies.

**Proposed Orders** Parties are not required to submit a proposed order when filing a motion. If a proposed order is submitted, the court may disregard the order and prepare its own order.

As noted, the requirements set forth in Local Rule 5–135 and 7–130 have been modified in this letter. These modifications apply to civil rights and habeas cases filed in the Fresno Division of the Eastern District of California by prisoners proceeding pro se (without counsel).

Victoria C. Minor
Clerk of Court
United States District Court

by:  /s/  **J. Hellings**

**Deputy Clerk**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

_____

v.                                    **Case Number:**

_____

                                     **PROOF OF SERVICE**

_____ /



   **I hereby certify that on** _____**, I served a copy**

**of the attached** _____**,**

**by placing a copy in a postage paid envelope addressed to the person(s) hereinafter**

**listed, by depositing said envelope in the United States Mail at**

_____:

**(List Name and Address of Each**
**Defendant or Attorney Served)**




            **I declare under penalty of perjury that the foregoing is true and correct.**


                    _____

                    **(Signature of Person Completing Service)**

**Name:**_____

**I.D. #:**_____

**Address** _____

_____

_____


## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA


_____

(Plaintiff/Petitioner)

v.                                                      **Case Number:**

_____

(Defendant(s)/Respondent)

                                                        **NOTICE OF CHANGE**
                                                        **OF ADDRESS**

_____ /

**PLEASE TAKE NOTICE THAT (print name)**    _____

**hereby submits a notice of change of address in the above – entitled case as follows:**


**OLD ADDRESS:**    _____

_____


**NEW ADDRESS:**    _____

_____


DATED: _____    _____

                                        **Signature of Plaintiff/Petitioner**

---

### YOU MUST FILE AN ORIGINAL CHANGE OF ADDRESS FORM IN <u>EACH</u> OF YOUR OPEN CASES

**NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE**

**TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS**

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local

Rule 73–305, the United States Magistrate Judges sitting in Sacramento and Fresno are available

to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive

proceedings in this action, including motions to dismiss, motions for summary judgment, a jury

or nonjury trial, and entry of a final judgment.  Exercise of this jurisdiction by a Magistrate Judge

is however, permitted only if all parties voluntarily consent.  You may, without adverse

substantive consequences, withhold your consent, but this will prevent the court's case

dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United

States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the

same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent to pursuant to 28 U.S.C. § 636(c) the assigned

Magistrate Judge will hear all motions except those case dispositive motions set forth in 28

U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate

Judge" is attached hereto for pro per use and attorney information.  This form is available in

fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers.

This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's

Office location.


Office of the Clerk                          Office of the Clerk

501 I Street, Room 4–200                     2500 Tulare Street , Suite 1501

Sacramento, CA 95814                         Fresno, CA 93721

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**ELBERT THOMAS MARTIN,**

Plaintiff(s)/Petitioner(s),

vs.

CASE NO. **1:07–CV–01661–AWI–WMW**

**M ROCHE, ET AL.,**

Defendant(s)/Respondents(s).

---

**IMPORTANT**
   **IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

---

☐  **CONSENT TO JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

   In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

   Date: _____       Signature: _____

                                        Print Name: _____
                                         ( ) Plaintiff/Petitioner ( ) Defendant/Respondent
                                        ( ) Counsel for *_____

---

☐  **DECLINE OF JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

   Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

   Date: _____       Signature: _____

                                        Print Name: _____
                                         ( ) Plaintiff/Petitioner ( ) Defendant/Respondent
                                        ( ) Counsel for *_____

---

***If representing more than one party, counsel must indicate name of each party responding.**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

Sacramento Clerk's Office

501 "I" Street , Suite 4–200

Sacramento, CA 95814

916–930–4000

Fresno Clerk's Office

2500 Tulare Street , Suite 1501

Fresno, CA 93721

559–499–5600

## December 17, 2007

**Case Number:**   **1:07–CV–01661–AWI–WMW**

**Case Title:**   **ELBERT THOMAS MARTIN,**        **vs.  M ROCHE, ET AL.,**

Dear Litigant,

   You are hereby notified that the above case number has been assigned to your action.   You are to include it on all correspondence (e.g., letters, filings, and inquiries) sent to the court. Failure to do so results in delayed processing of your documents.

        All matters in this action shall be sent to the following address until further notice:

### Office of the Clerk
### United States District Court
### Eastern District of California
### 2500 Tulare Street , Suite 1501
### Fresno, CA 93721

   For timely processing of your filings or correspondence, please comply with our Local Rules of Court, in particular:

   **Local Rule 5–133 (modified)** You are **not** required to send this court an original plus one copy of all documents submitted for filing (e.g., pleadings, motions, correspondence, etc.).   You are **only** required to send this court the original for filing.  **No** extra copies are required.  **However**, if you desire to receive a conformed copy for your records, you must send the original **plus** one (1) copy **and** a pre–addressed postage–paid envelope for us to return your copy to you.

   **Local Rules 30–250, 33–250, 34–250 and 36–250** Discovery requests or responses should not be submitted to the court unless they are relevant and necessary to support or oppose a motion at issue before the court.

   **Local Rule 5–135** Once the defendant(s) have served a responsive pleading, you are under an ongoing duty to serve them with copies of all documents you submitted to the court. A proof of service shall be attached to the original of any document lodged or filed with the court, showing the date, manner and place of service.  A sample proof of service is attached.

**Local Rule 7–130 (modified)** Documents submitted to this court may be either typewritten <u>or</u> handwritten but <u>must</u> be legible, and writing shall be on one (1) side of the page <u>only</u>.

**Local Rule 7–132** Every document submitted to the court must include your name, address and prisoner identification number in the upper left hand corner of the first page.

**Local Rules 83–182** Each party appearing in propria persona is under a continuing duty to notify the Clerk and all other parties of any change of address by filing separate notice; absent such notice, service at prior address shall be fully effective. A sample Notice of Change of Address form is attached.

**Other Provisions:**
A complete copy of the Local Rules should be available in the prison library.   We do not provide individual copies to litigants.

**Request for Case Status** The court will notify you as soon as any action is taken in your case.   Due to the large number of civil actions pending before the court, THE CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRES REGARDING THE STATUS OF YOUR CASE. As long as you keep the court apprised of your current address, you will receive <u>all</u> court decisions which might affect the status of your case.

**Copy Work** The Clerk's Office does not provide copies of documents to parties. Copies of documents may be obtained from the Attorney's Diversified Service (ADS) by writing to them at: 741 N. Fulton Street, Fresno CA 93728, or by phoning 800–842–2695. The court will provide copies of docket sheets at $0.50 per page.   Note: In Forma Pauperis status does not include the cost of copies.

**Proposed Orders** Parties are not required to submit a proposed order when filing a motion. If a proposed order is submitted, the court may disregard the order and prepare its own order.

As noted, the requirements set forth in Local Rule 5–135 and 7–130 have been modified in this letter. These modifications apply to civil rights and habeas cases filed in the Fresno Division of the Eastern District of California by prisoners proceeding pro se (without counsel).

Victoria C. Minor
Clerk of Court
United States District Court

by: /s/ **J. Hellings**

**Deputy Clerk**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

_____

v.                                                          **Case Number:**

_____

                                                            **PROOF OF SERVICE**

_____ /

   **I hereby certify that on** _____**, I served a copy**

**of the attached** _____,

**by placing a copy in a postage paid envelope addressed to the person(s) hereinafter**

**listed, by depositing said envelope in the United States Mail at**

_____:

**(List Name and Address of Each**
**Defendant or Attorney Served)**

               **I declare under penalty of perjury that the foregoing is true and correct.**

                              _____

                                 **(Signature of Person Completing Service)**

**Name:**_____

**I.D. #:**_____

**Address** _____

_____

_____


## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA


_____
(Plaintiff/Petitioner)

v.                                                    **Case Number:**

_____
(Defendant(s)/Respondent)

                                                      **NOTICE OF CHANGE**
                                                      **OF ADDRESS**

_____ /

   **PLEASE TAKE NOTICE THAT (print name)**    _____

**hereby submits a notice of change of address in the above – entitled case as follows:**


   **OLD ADDRESS:**    _____

                       _____


   **NEW ADDRESS:**    _____

                       _____


DATED: _____        _____
                                       **Signature of Plaintiff/Petitioner**

| |
|---|
| **YOU MUST FILE AN ORIGINAL CHANGE OF ADDRESS FORM IN <u>EACH</u> OF YOUR OPEN CASES** |

**NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE**

**TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS**

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 73–305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or nonjury trial, and entry of a final judgment.  Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent.  You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent to pursuant to 28 U.S.C. § 636(c) the assigned Magistrate Judge will hear all motions except those case dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information.  This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers.  This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

| | |
|---|---|
| Office of the Clerk | Office of the Clerk |
| 501 I Street, Room 4–200 | 2500 Tulare Street , Suite 1501 |
| Sacramento, CA 95814 | Fresno, CA 93721 |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

<u>**ELBERT THOMAS MARTIN,**</u>
    Plaintiff(s)/Petitioner(s),

vs.

                  CASE NO. <u>**1:07–CV–01661–AWI–WMW**</u>

<u>**M ROCHE, ET AL.,**</u>
    Defendant(s)/Respondents(s).

<u>**IMPORTANT**</u>
  **IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

☐   <u>**CONSENT**</u> **TO JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

    In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

    Date: _____    Signature: _____

                             Print Name: _____
                              ( ) Plaintiff/Petitioner ( ) Defendant/Respondent
                              ( ) Counsel for *_____

☐   <u>**DECLINE**</u> **OF JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

    Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

    Date: _____    Signature: _____

                             Print Name: _____
                              ( ) Plaintiff/Petitioner ( ) Defendant/Respondent
                              ( ) Counsel for *_____

***If representing more than one party, counsel must indicate name of each party responding.**

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ELBERT THOMAS MARTIN,                      1:07-cv-001661-AWI-WMW (PC)

12             Plaintiff,
                                                ORDER GRANTING APPLICATION TO
13        vs.                                   PROCEED IN FORMA PAUPERIS

14   M. ROCHE, et al.,
                                                (DOCUMENT #2)
15             Defendants.
     _____/

16

17        Plaintiff is a prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was

19   referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted a declaration that makes the showing required by § 1915(a).  Accordingly,

21   the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

22        Pursuant to 28 U.S.C. § 1915(b)(1), enacted April 26, 1996, plaintiff is required to pay the

23   statutory filing fee of $350.00 for this action.[1]  Plaintiff has been without funds for six months and is

24   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of 20 percent of the preceding month's

26   income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by

27

28   _____
        [1]  The statutory filing fee for all civil actions except applications for writs of habeas corpus is $350.00.  See 28
     U.S.C. § 1914(a).

                                              -1-

1  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds

2  $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3       In accordance with the above, IT IS HEREBY ORDERED that:

4       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

5       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee

6  shall be collected and paid in accordance with this court's order to the Director of the California

7  Department of Corrections filed concurrently herewith.

8  IT IS SO ORDERED.

9  **Dated:    December 18, 2007**            **/s/  William M. Wunderlich**
10                     UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                                  EASTERN DISTRICT OF CALIFORNIA

10

11    ELBERT THOMAS MARTIN,                        1:07-cv-01661-AWI-WMW (PC)

12             Plaintiff,

13    v.                                           ORDER DIRECTING PAYMENT
                                                   OF INMATE FILING FEE
14    M. ROCHE, et al.,

15             Defendants.

16    _____/

17

18    To:  The Director of the California Department of Corrections, 1515 S Street, Sacramento, California

19    95814:

20             Plaintiff, a prisoner proceeding pro se and in forma pauperis, is obligated to pay the statutory

21    filing fee of $350.00 for this action.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly

22    payments in the amount of twenty percent of the preceding month's income credited to plaintiff's trust

23    account.   The California Department of Corrections is required to send to the Clerk of the Court

24    payments from plaintiff's account each time the amount in the account exceeds $10.00, until the

25    statutory filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

26             In accordance with the above and good cause appearing therefore, IT IS HEREBY ORDERED

27    that:

28                      1.  The Director of the California Department of Corrections or his designee shall collect

1  payments from plaintiff's prison trust account in an amount equal to twenty per cent (20%) of the

2  preceding month's income credited to the prisoner's trust account and shall forward those payments to

3  the Clerk of the Court each time the amount in the account exceeds $10.00,  in accordance with 28

4  U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court.

5  The payments shall be clearly identified by the name and number assigned to this action.

6          2.  The Clerk of the Court is directed to serve a copy of this order and a copy of plaintiff's

7  in forma pauperis affidavit on the Director of the California Department of Corrections, 1515 S Street,

8  Sacramento, California 95814.

9          3.  The Clerk of the Court is directed to serve a copy of this order on the Financial

10  Department, U.S.  District Court, Eastern District of California, Fresno Division.

11

12  IT IS SO ORDERED.

13  **Dated:    December 18, 2007**          **/s/  William M. Wunderlich**
                                              UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ELBERT THOMAS MARTIN,              1:07-cv-01661-AWI-WMW (PC)

12              Plaintiff,
                                        FIRST INFORMATIONAL ORDER
13          vs.

14   M. ROCHE, et al.,

15              Defendants.

16   _____/

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.  In litigating this action, the parties must comply with the Federal

19   Rules of Civil Procedure (Fed. R. Civ. P.) and the Local Rules of the United States District Court,

20   Eastern District of California (Local Rules).  This order highlights specific rules of which the parties

21   should take particular note.  <u>FAILURE TO COMPLY WITH THE FEDERAL RULES, LOCAL</u>

22   <u>RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR</u>

23   <u>APPROPRIATE SANCTIONS, UP TO AND INCLUDING DISMISSAL OF THIS ACTION</u>.

24   Local Rule 11-110; Fed. R. Civ. P. 41(b).

25          1.  Documents intended to be filed with the court by pro se litigants must be mailed to the

26   Clerk of the Court.  Local Rule 5-133(d)(1).  <u>All documents mailed improperly to a judge's chambers</u>

27

28

                                                -1-

1    <u>will be stricken.</u>[1]  A document requesting a court order must be styled as a motion, not a letter.  Fed.

2    R. Civ. P. 7.

3          2.  Each document submitted for filing must include the original signature of the filing party

4    or parties.  Local Rule 7-131; Fed. R. Civ. P. 11(a).  <u>All documents submitted without the required</u>

5    <u>signature(s) will be stricken.</u>  Each separate document must be bound separately at the top left

6    corner.  Local Rule 7-130(b).  If a document is bound behind another document, it will not be filed

7    and will not enter the court docket.

8          3.  You are not required to send this court copies of your documents submitted for filing.

9    Local Rule 5-133(d)(2).  If the filing party wishes the court to return a file-stamped copy, he or she

10   must include one copy for that purpose AND a pre-addressed postage paid envelope.  <u>The court</u>

11   <u>cannot provide copy or mailing service for a party</u>, even for an indigent plaintiff proceeding in forma

12   pauperis.  Copies of documents from the court file may be obtained at the cost of fifty cents per page.

13         4.  After defendants have appeared in an action by filing a response to the complaint (i.e., an

14   answer, a motion to dismiss, or a motion for summary judgment), all documents filed with the court

15   must include a certificate of service stating that a copy of the document was served on the opposing

16   party.  Fed. R. Civ. P. 5; Local Rule 5-135.  <u>A document submitted without the required proof of</u>

17   <u>service will be stricken.</u>  Where a party is represented, service on the party's attorney of record

18   constitutes effective service.

19         5.  All filings must bear the file number assigned to the action, followed by the initials of the

20   District Court Judge and the Magistrate Judge to whom the case is assigned and the letters "PC."

21   Where plaintiff simultaneously pursues more than one action, he or she must file separate original

22   documents and the appropriate number of copies in each action to which the document pertains.

23   <u>Documents submitted listing more than one case number in the caption will be stricken.</u>

24         6.  The court cannot serve as a repository for the parties' evidence (i.e., prison or medical

25   records, witness affidavits, etc.). The parties may not file evidence with the court until the course of

26   litigation brings the evidence into question (for example, on a motion for summary judgment, at trial,

27   _____

28         [1] When a document is stricken, it becomes a nullity and is not considered by the court for any purpose.

-2-

1    or when requested by the court).  <u>Evidence improperly submitted to the court will be stricken</u>.

2        7.  The Eastern District of California converted to an electronic filing, service, and storage

3    system, effective January 3, 2005.  Pro se litigants are exempt from the electronic filing requirement

4    and must submit all documents to the court in paper.  Local Rule 5-133(b)(2).  Paper documents

5    submitted by pro se litigants for filing will be scanned into the electronic court file by the Clerk's

6    Office.  After being scanned into the electronic court file, the paper documents will be retained in the

7    Clerk's Office for a limited period of time and then discarded.  Local Rule 39-138(d).  For this

8    reason, pro se litigants are cautioned not to send original exhibits to the court.  When it is appropriate

9    for pro se litigants to submit exhibits to the court (see paragraph 6), the litigants shall retain their

10   original exhibits and send photocopies to the court.

11       8.  After an answer is filed, the court will issue an order opening discovery, and setting the

12   deadlines for completing discovery, amending the pleadings, and filing pre-trial dispositive motions.

13   <u>No discovery may be conducted without court permission until an answer is filed and the court</u>

14   <u>issues the discovery order</u>.  Discovery propounded on a party is self-executing, and must be served

15   directly on the party from whom discovery is sought; parties should not file copies of their discovery

16   with the court.  Local Rules 33-250, 34-250, 36-250.  <u>Discovery documents inappropriately</u>

17   <u>submitted to the court will be stricken</u>.  Where the response to discovery is unsatisfactory, the party

18   seeking discovery may file a motion to compel discovery, including a copy of the discovery

19   propounded and the response thereto.  Fed. R. Civ. P. 37.  A motion to compel must be accompanied

20   by "a certification that the movant has in good faith conferred or attempted to confer with the party

21   not making the disclosure in an effort to secure the disclosure without court action."  Fed. R. Civ. P.

22   37(a)(2)(A).  <u>A discovery motion that does not comply with all applicable rules will be stricken and</u>

23   <u>may result in imposition of sanctions</u>.

24       9.  Because plaintiff is incarcerated and proceeds pro se, all pre-trial motions will be

25   submitted without a hearing.  Local Rule 78-230(m).  The parties are referred to Local Rule 78-

26   230(m) for the briefing schedule on motions.

27       10.  All court deadlines will be strictly enforced.  Requests for time extensions must state the

28

1    reason the extension is needed and must be filed with the court before the deadline in question.

2    Local Rule 6-144.

3        11. A pro se plaintiff has an affirmative duty to keep the court and opposing parties apprised

4    of his or her address. Local Rule 83-182(f). If a plaintiff moves and fails to file a notice of change

5    of address, service of court orders at plaintiff's prior address shall constitute effective notice. Id. If

6    mail directed to plaintiff is returned by the U.S. Postal Service as undeliverable, the court will not

7    attempt to re-mail it. If the address is not updated within sixty days of the mail being returned, the

8    action will be dismissed for failure to prosecute. Local Rule 83-183(b).

9        12. The court is required to screen complaints brought by prisoners seeking relief against a

10   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

11   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

12   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

13   monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

14   The court will direct the United States Marshal to serve plaintiff's complaint only after the court has

15   screened the complaint and determined that it contains cognizable claims for relief against the named

16   defendants. The court has a large number of prisoner civil rights cases pending before it and will

17   screen plaintiff's complaint in due course.

18   IT IS SO ORDERED.

19   **Dated:   December 18, 2007**          **/s/  William M. Wunderlich**
                                            UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

-4-

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**



**FILED**

ELBERT THOMAS MARTIN,
Plaintiff(s)/Petitioner(s),

JAN 0 2 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY MW   C. ESTEVES
DEPUTY CLERK

vs.

CASE NO. 1:07-CV-01661-AWI-WMW

M ROCHE, ET AL.,
Defendant(s)/Respondents(s).

---

**IMPORTANT**
IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF
A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE
SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.

---

[X]    **CONSENT** TO JURISDICTION OF
**UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned
hereby voluntarily consents to have a United States Magistrate Judge conduct all further
proceedings in this case, including trial and entry of final judgment, with direct review by the
Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: 12-21-07          Signature: Elbert J. Martin

Print Name: ELBERT THOMAS MARTIN
([X] Plaintiff/Petitioner ( ) Defendant/Respondent
[X] Counsel for * IN PRO PER AND PRO SE

---

[ ]    **DECLINE** OF JURISDICTION OF
**UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the
availability of a United States Magistrate Judge but hereby declines to consent.

Date: _____          Signature: _____

Print Name: _____
( ) Plaintiff/Petitioner ( ) Defendant/Respondent
( ) Counsel for * _____

---

*If representing more than one party, counsel must indicate name of each party responding.*

1

2                    IN THE UNITED STATES DISTRICT COURT

3                    FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6

7    ELBERT THOMAS MARTIN,

8              Plaintiff,              CV F 07 1661 AWI WMW PC

9         vs.                          TRANSFER ORDER

10

11

12   M. ROCHE, M.D., et al.,

13             Defendants.

14

15        Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C.

16   § 1983.

17        Plaintiff is in the custody of the California Department of Corrections and Rehabilitation

18   at the California Correctional Institution at Tehachapi.  Plaintiff brings this case, claiming that he

19   was subjected to constitutionally inadequate medical care in violation of the Eighth Amendment

20   to the U.S. Constitution.

21        Though currently housed in Tehachapi, Plaintiff names defendants in Los Angeles, High

22   Desert State Prison in Lassen County, the California Training Facility at Soledad in Monterey

23   County and the California Men's Colony at San Luis Obispo, in San Luis Obispo County.

24   Plaintiff also names defendants in Morris Plains, New Jersey.

25        The federal venue statute requires that a civil action, other than one based on diversity

26

1  jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

2  defendants reside in the same state, (2) a judicial district in which a substantial part of the events

3  or omissions giving rise to the claim occurred, or a substantial part of the property that is the

4  subject of the action is situated, or (3) a judicial district in which any defendant may be found, if

5  there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

6          In this case, none of the defendants reside in this district. The claim arose in Los

7  Angeles County, Lassen County, Monterey County and San Luis Obispo County. Plaintiff also

8  names defendants in New Jersey. Therefore, Plaintiff's claims regarding Los Angeles and the

9  California Men's Colony should have been filed in the Central District. Plaintiff's claims

10 regarding the Correctional Training Facility should have been filed in the Northern District.

11 Plaintiff's claims regarding the New Jersey defendant should have been filed in the District of

12 New Jersey. In the interest of justice, a federal court may transfer a complaint filed in the wrong

13 district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932

14 (D.C. Cir. 1974).

15         Regarding the High Desert State Prison claims, Pursuant to Local Rule 3-120(b), a civil

16 action which has not been commenced in the proper court may, on the court's own motion, be

17 transferred to the proper court. Therefore, the High Desert State Prison claims will be transferred

18 to the Sacramento Division. All future pleadings shall reference the new case number and be

19 filed at:

20

21               United States District Court
                 Eastern District of California
22               501 "I" Street, Suite 4-200
                 Sacramento, CA 95814
23

24

25         Accordingly, IT IS HEREBY ORDERED that:

26 1. The Clerk's Office shall open a new case for transfer to each of the following districts:

2

Central District of California; Northern District of California; District of New Jersey.

2.  Plaintiff's claims regarding Los Angeles and the California Men's Colony are transferred to the Central District of California.

3.  Plaintiff's claims regarding the Correctional Training Facility are transferred to the Norther District of California.

4.  Plaintiff's claims regarding the New Jersey defendants are transferred to the District of New Jersey.

5.  Regarding the High Desert State Prison claims, this action is transferred to the United States District Court for the Eastern District of California sitting in Sacramento.

IT IS SO ORDERED.

**Dated:    June 11, 2008**          _____/s/  **William M. Wunderlich**_____
                                      UNITED STATES MAGISTRATE JUDGE

CLOSED, PRISONER_CIVIL_RIGHTS, TRANSFERRED_TO_SAC

# U.S. District Court
## Eastern District of California - Live System (Fresno)
## CIVIL DOCKET FOR CASE #: 1:07-cv-01661-AWI-WMW

(PC) Martin v. Roche et al                    Date Filed: 11/19/2007
Assigned to: Judge Anthony W. Ishii          Date Terminated: 06/12/2008
Referred to: Magistrate Judge William M. Wunderlich    Jury Demand: None
Cause: 42:1983 Prisoner Civil Rights          Nature of Suit: 550 Prisoner: Civil
                                              Rights
                                              Jurisdiction: Federal Question

**Plaintiff**

**Elbert Thomas Martin**          represented by    **Elbert Thomas Martin**
                                                    T-28520
                                                    CALIFORNIA CORRECTIONAL
                                                    INSTITUTION (107)
                                                    PO BOX 107
                                                    TEHACHAPI, CA 93581
                                                    PRO SE

V.

**Defendant**

**M Roche**
*M.D.-High Desert State Prison*

**Defendant**

**R. Cox**
*M.D.-High Desert State Prison*

**Defendant**

**T Friederichs**
*M.D.-California Training Facility-
Central*

**Defendant**

**Cornell Clark**
*M.D.-California Training Facility-
Central*

**Defendant**

**MD Joseph Chudy**
*M.D.-California Training Facility-*

*Central*

**<u>Defendant</u>**

**C. Sinnaco**
*M.D.-California Training Facility-Central*

**<u>Defendant</u>**

**R.A. Perez**
*Lieutenant-California Training Facility-Central*

**<u>Defendant</u>**

**D. Carey**
*California Men's Colony*

**<u>Defendant</u>**

**T. Cook**
*Facility Captain-California Men's Colony*

**<u>Defendant</u>**

**S. Stack**
*Chief Psychiatrist-California Men's Colony*

**<u>Defendant</u>**

**G. Brownlee**
*Lieutenant-California Men's Colony*

**<u>Defendant</u>**

**M. Mee**
*California Men's Colony*

**<u>Defendant</u>**

**Donald A. Ramberg**
*M.D.-Medical Board Of California*

**<u>Defendant</u>**

**D. Engler**
*CC II Specialist-California Men's Colony*

**<u>Defendant</u>**

**M. Vela**
*CC II Specialist-California Men's Colony*

**<u>Defendant</u>**

**K. Sampson**
*CC II Counselor-California*
*Correctional Institution, Tehachapi*

<u>**Defendant**</u>

**Robert Meyers**
*M.D.-California Men's Colony*

<u>**Defendant**</u>

**D.L. England**
*Correctional Officer-California Men's*
*Colony*

<u>**Defendant**</u>

**B Dieball**
*Sergeant-California Men's Colony*

<u>**Defendant**</u>

**D. Carey**
*Associate Warden-California Men's*
*Colony*

<u>**Defendant**</u>

**John Marshall**
*Warden-California Men's Colony*

<u>**Defendant**</u>

**Anthony Wild**
*CEO, Parke-Davis*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/19/2007 | 1 | COMPLAINT (1983) against D. Carey(California Men's Colony), T. Cook, S. Stack, G. Brownlee, M. Mee, Donald A. Ramberg, D. Engler, M. Vela, K. Sampson, Robert Meyers, D.L. England, B Dieball, D. Carey(Associate Warden-California Men's Colony), John Marshall, Anthony Wild, M Roche, R. Cox, T Friederichs, Cornell Clark, Joseph Chudy, C. Sinnaco, R.A. Perez by Elbert Thomas Martin.(Scrivner, E) (Entered: 11/21/2007) |
| 11/21/2007 | 2 | MOTION/Application to PROCEED IN FORMA PAUPERIS by Elbert Thomas Martin. (Scrivner, E) (Entered: 11/26/2007) |
| 12/17/2007 | 3 | PRISONER NEW CASE DOCUMENTS ISSUED; (Attachments: # 1 Consent Forms) (Hellings, J) (Entered: 12/17/2007) |
| 12/17/2007 | | SERVICE BY MAIL: 3 Prisoner New Case Documents for AWI served on Elbert Thomas Martin. (Hellings, J) (Entered: 12/17/2007) |
| 12/18/2007 | 4 | ORDER granting 2 Motion to Proceed in forma pauperis signed by Judge William M. Wunderlich on 12/18/2007. (Esteves, C) (Entered: 12/18/2007) |

| 12/18/2007 | 5 | ORDER DIRECTING MONTHLY PAYMENTS be made from Prison Account of ELBERT THOMAS MARTIN signed by Judge William M. Wunderlich on 12/18/2007. (Esteves, C) (Entered: 12/18/2007) |
|---|---|---|
| 12/18/2007 | 6 | FIRST INFORMATIONAL ORDER signed by Judge William M. Wunderlich on 12/18/2007. (Esteves, C) (Entered: 12/18/2007) |
| 12/18/2007 | | SERVICE BY MAIL: 5 Order Directing Prisoner Payment, 6 Order, 4 Order on Motion to Proceed in forma pauperis served on Elbert Thomas Martin. (Esteves, C) (Entered: 12/18/2007) |
| 01/02/2008 | 7 | CONSENT to JURISDICTION by US MAGISTRATE JUDGE by Elbert Thomas Martin. (Esteves, C) (Entered: 01/04/2008) |
| 06/12/2008 | 8 | ORDER signed by Magistrate Judge William M. Wunderlich on 6/11/2008; CASE TRANSFERRED to the following Districts: Central District of California; Northern District of California and District of New Jersey; High Desert State Prison claims transferred to the Sacramento division for the Eastern District of California. New Sacramento case no. 2:08-cv-01323-CMK. Original file, certified copy of transfer order, and docket sheet sent. CASE CLOSED.(Esteves, C) (Entered: 06/12/2008) |
| 06/12/2008 | 9 | TRANSMITTAL of DOCUMENTS on *6/12/2008* to * Clerk, Central District of California* *312 N. Spring Street* *Los Angeles, CA 90012*. ** *Electronic Documents: 1 to 8. *. (Esteves, C) (Entered: 06/12/2008) |
| 06/12/2008 | 10 | TRANSMITTAL of DOCUMENTS on *6/12/2008* to * Clerk, Northern District of California* *450 Golden Gate Ave.* *San Francisco, CA 94102*. ** *Electronic Documents: 1 to 8. *. (Esteves, C) (Entered: 06/12/2008) |
| 06/12/2008 | 11 | TRANSMITTAL of DOCUMENTS on *6/12/2008* to * District of New Jersey* *50 Walnut Street* *Room 4015* *Newark, NJ 07101*. *Electronic Documents: 1 to 8. *. (Esteves, C) (Entered: 06/12/2008) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/20/2008 15:07:28 | | |
| **PACER Login:** | us4077 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:07-cv-01661-AWI-WMW |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |