IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELBERT THOMAS MARTIN,<br><br>    Plaintiff,<br><br>  v.<br><br>T. FRIEDERICHS, M.D.; CORNELL CLARK, M.D.; JOSEPH CHUDY, M.D., Chief Medical Officer; C. SINNACO, M.D.; Lieutenant R. A. PEREZ; and JOHN DOE 2,<br><br>    Defendants. | No. C 08-2990 WHA (PR)<br><br>**DISMISSAL WITH LEAVE TO AMEND** |

This is a civil rights case filed in the United States District Court for the Eastern District of California. The defendants named in the original complaint were in several different places; the Eastern District court transferred the portion of the case which was against Northern District defendants – those named in the caption above – to this court, and other portions of the case to other courts. The portion of the complaint relevant to the Northern District defendants will now be reviewed to determine if it is sufficient to require a response.

**DISCUSSION**

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff contends that he was suffering from severe back pain while confined at High Desert State Prison. He was transferred to the Correctional Training Facility ("CTF") at Soledad, which is in this district, where the events giving rise to his claims against Northern District defendants occured.

Plaintiff alleges that at CTF he wrote "numerous medical forms" but did not see a doctor, defendant Freiderichs, until thirty-three days after his arrival at CTF.[1]  He does not

---

[1] The only other allegations as to Freiderichs is that he ordered an MRI and prescribed medications, which of course could not be the basis for a medical care claim.

2

allege when he wrote the requests to see a doctor, nor does he allege that any delay was caused by Freiderichs, so has failed to state a claim against him. This claim will be dismissed with leave to amend.

Plaintiff also alleges that defendant Clark ordered another MRI about two months after the one ordered by Freiderichs and that the results contradicted that ordered by Freiderichs. This is not sufficient to allege that Clark was deliberately indifferent to a serious medical need. This claim against Clark will be dismissed with leave to amend.

Plaintiff alleges only that Sinnaco requested surgery, and that defendant Chudy approved surgery. These allegations obviously do not state a claim and will be dismissed with leave to amend.

Finally, plaintiff alleges that defendant Perez, a correctional officer, ordered that plaintiff be placed in a holding cell. Plaintiff says that being confined in a two-by-two foot cell for ninety minutes caused his back pain to flare. He does not, however, allege that Perez knew of plaintiff's back problem nor that Perez knew of his pain in the holding cell. He thus has not stated a claim against Perez, and this claim also must be dismissed with leave to amend.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must be on this court's form for prisoner Section 1983 complaints. It must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely

3

1  fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
2  pursuant to Federal Rule of Civil Procedure 41(b).
3  **IT IS SO ORDERED.**

5  Dated: July __25__, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28  G:\PRO-SE\WHA\CR.08\MARTIN2990.DWLTA.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELBERT THOMAS MARTIN,<br><br>         Plaintiff,<br><br>   v.<br><br>T. FRIEDERICHS, MD., et al.,<br><br>         Defendant.                          / | Case Number: CV08-02990 WHA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Elbert Thomas Martin
T-28520
California Correctional Institution
PO Box 107
Tehachapi, CA 93581

Dated: July 25, 2008

                                                Richard W. Wieking, Clerk
                                                By: D. Toland, Deputy Clerk